**FILED**

SEP 2 7 2007

**In the United States District Court**
**For the District of Columbia**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Yolanda Swift
34 V Street, N.W.
Washington, D.C.    20001
*410. 9792310*

            Plaintiff

v.

Steven C. Preston, as Administrator
United States Small Business Administration
409 Third Street, SW, Washington, D.C.    20416

Hector V. Barreto Jr., in his individual capacity
707 5th Street, SE, Washington, D.C.    20003
7815 Hellman Avenue, Rosemead, California    91770

Michael L. Barrera, in his individual capacity
2175 K Street, NW, Suite 100, Washington, D.C.    20037

Stephen Galvan, in his individual capacity
426 Stonegate Court, Willowbrook, Illinois    60514

David A. Javdan, in his individual capacity
1920 12th Street, NW #2, Washington, D.C.    20009

Eric S. Benderson, in his individual capacity
11501 Beechgrove Lane, Potomac, Maryland    20854

John W. Klein, in his individual capacity
9002 Fox Lair Drive, Burke, Virginia    22015

Delorice Ford, in her individual capacity
11812 Brookeville Landing Court, Bowie, Maryland    20721

Monique Fortenberry, in her individual capacity
1623 6th Street, NW, Washington, D.C.    20001

And DOES I-VI

            Defendants.

Case: 1:07-cv-01727
Assigned To : Huvelle, Ellen S.
Assign. Date : 9/27/2007
Description: Employ. Discrim.

JURY ACTION

Civil Action Number

**COMPLAINT**

1

## COMPLAINT

(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq*. (as amended); civil rights conspiracy in violation of 42 U.S.C. § 1985; violations of the Fifth Amendment to the United States Constitution)

## PRELIMINARY STATEMENT AND PARTIES TO THIS ACTION

A. Plaintiff, Yolanda Swift, brings this action against Steven C. Preston, Administrator, United States Small Business Administration (SBA) seeking relief from discrimination in hiring based upon race and retaliation, having been denied promotions and related advancement and promotional opportunities by senior managers and executives at the United States Small Business Administration (SBA), a federal agency, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e *et seq.*

B. Plaintiff also alleges that the individually named defendants and John Does I-VI engaged in a conspiracy to deprive her of her civil rights, namely her right to due process and equal protection of the laws guaranteed by the Fifth Amendment to the United States Constitution when she was not selected for the Senior Executive Service (SES) position Associate General Counsel for Financial Law and Lender Oversight in 2005 and continuously during the investigation of her complaint with the Office of Equal Employment Opportunity and Civil Rights Compliance at the SBA (EEO & CRC). For that violation, Plaintiff has no other redress under law.

C. This action is brought pursuant to a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.,* as amended (hereinafter Title VII); and b) *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) for a conspiracy pursuant to 42 U.S.C. § 1985(3) to violate plaintiff's rights to due process and equal protection under the Fifth Amendment to the United States Constitution.

2

D. Plaintiff is an African American female who has been employed as an attorney in the Office of General Counsel at the SBA (OGC) continuously since November 1998. Steven C. Preston has been the Administrator of the SBA since July 2006. He is sued in his official capacity as Administrator of the SBA. Defendant Hector V. Barreto, Jr., Hispanic, was the Administrator of SBA from July 2001 to July 2006. As with all of the other individually-named defendants, he is sued in his individual capacity under *Bivens*. Defendant Michael L. Barrera, Hispanic, was the Ombudsman for the SBA and Chairman of the Executive Resources Board (ERB) from July 2004 and in 2005. He is sued in his individual capacity under *Bivens*. Defendant Stephen Galvan, Hispanic, was the Chief Operating Officer and Chief of Staff for the SBA from approximately 2003 to 2007. He was also a member of the ERB from July 2004 and in 2005. He is sued in his individual capacity under *Bivens*. Defendant David A. Javdan, Caucasian, was the General Counsel for OGC from June 2002 until February 2006 and was a member of the ERB from July 2004 until his departure. He is sued in his individual capacity under *Bivens*. Defendant Eric S. Benderson, Caucasian, is the Associate General Counsel for the Office of Litigation at the SBA and on information and belief, he was a member of the screening panel and the interview panel for the position for which the Plaintiff was not selected (the Associate General Counsel for Financial Law and Lender Oversight). He is sued in his individual capacity under *Bivens*. Defendant John W. Klein, Caucasian is the Associate General Counsel for the Office of Procurement Law and on information and belief, he was a member of the screening panel and the interview panel for the position that is the subject of this lawsuit. He is sued in his individual capacity under *Bivens*. Defendant Delorice Ford, African American is the Assistant Administrator for

3

Hearings and Appeals and became the Acting Assistant Administrator for Equal

Employment and Civil Rights Compliance (EEO & CRC) shortly after Plaintiff filed a

complaint with the EEO & CRC and was a member of the interview panel for the

position which is the subject of this lawsuit. She is sued in her individual capacity under

*Bivens.* Defendant Monique Fortenberry, African American is the Acting Associate

General Counsel for General Law. She is sued in her individual capacity under *Bivens.*

E. Defendants John DOES I through VI are persons whose identities are at present

unknown but who are believed to be current or former senior level government

employees at the SBA.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act

of 1964, 42 U.S.C. §§ 2000(e) *et seq*. as amended (Title VII) and pursuant to 28 U.S.C. §

1331 (federal question) and 28 U.S.C. § 1343 for the claims against the individually-

named defendants and DOES I through VI.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 and, to the extent

applicable, 42 U.S.C. § 2000e-5.

## FACTS

1. In 1997, Plaintiff, an African American female attorney applied for the Senior

Executive Service Career Reserved (SES) position of Associate General Counsel for

Financial Law in the Office of General Counsel at SBA (OGC) under Vacancy

Announcement Number 97-02. She was a finalist for the position; she was not selected;

and the position was not filled. Subsequently, plaintiff was instead hired as a senior

4

attorney, Attorney Advisor/Assistant General Counsel for Asset Sales at that agency in November 1998 (GS-15).

**2.** In November 2000, Plaintiff applied for the same SES position when it was re-advertised as the Associate General Counsel for Financial Law and Lender Oversight under Vacancy Announcement Number 00-11. Again, she was a finalist for the position; she was not selected; and the position was not filled.

**3.** From March 2000 until April 2003, Plaintiff was the Acting Deputy Associate General Counsel for Financial Law and Lender Oversight in OGC. As the Acting Deputy Associate General Counsel she managed the attorneys who represented the Agency on all financial law and lender oversight matters. She performed all of the duties and job responsibilities in the position description for the position that is the subject of this lawsuit, the SES position Associate General Counsel for Financial Law and Lender Oversight and received the highest available performance ratings each year she performed such duties and responsibilities.

4. In April of 2003 the General Counsel, Defendant Javdan and his senior mangers including defendants Klein and Benderson and upon information and belief, one or all of Does I-VI re-organized OGC. When the reorganization was announced, Defendant Javdan stated that two SES positions, the Associate General Counsel for General Law and the Associate General Counsel for Financial Law and Lender Oversight would be "filled on a permanent basis after an open competition period to be conducted at a later time." As part of the reorganization, Plaintiff's position as Acting Associate Deputy General Counsel for Financial Law and Lender Oversight was eliminated and a rotation of employees into the SES position of Acting Associate General Counsel for Financial

5

Law and Lender Oversight was commenced. Consequently, Plaintiff's management and other responsibilities were substantially diminished. On several occasions thereafter, Defendant Javdan and at least one Deputy General Counsel stated that he was taking away Plaintiff's responsibilities and creating a rotating Acting Associate General Counsel for Financial Law and Lender Oversight position so that Plaintiff would not have an "unfair advantage" over other attorneys at the SBA when the SES position was posted for permanent hiring. However, at the same time, Defendant Javdan chose not to rotate the SES Acting Associate General Counsel for General Law position (vacant since January 2003 and is still vacant) and did not remove, at that time, the Caucasian attorney who had managed the General Law division as Acting Associate General Counsel for General Law during the same period of time that Plaintiff served as Acting Deputy Associate General Counsel for Financial Law and Lender Oversight. Instead, for a period of time, that Caucasian remained in her acting position. Defendant Javdan has never explained why he was not concerned about giving that Acting Associate General Counsel for General Law an "unfair advantage" by not rotating that position nor at any time since has any explanation been given for OGC's subsequent actions with respect to the Office of General Law's Associate General Counsel position.

**5.** In September 2004, Plaintiff applied for the same position which was re-advertised again as the Associate General Counsel for Financial Law and Lender Oversight under Vacancy Announcement Number SBA-SES-04-06. This time again, Plaintiff was deemed qualified and in fact, made the list of "Best Qualified" candidates for the position. The screening panel, including defendants Klein and Benderson, passed her on to the interview panel with three other candidates. Plaintiff was interviewed by the panel

6

of three senior executives, defendants Klein, Benderson and Ford. On information and belief, defendants Klein and Benderson's placement on the interview panel (as well as the screening panel) was a violation of SBA and Office of Personnel Management policy and law. Upon information and belief, Defendant Benderson is a social friend of the selectee and has historically car-pooled with the selectee, including, upon information and belief, at the time of the interview. Despite her involvement in this matter, Defendant Ford authorized under her signature the Final Agency Decision (FAD) in this case finding no discrimination when she herself was a party to the matter under review. In addition to violating law and policy, the facts set forth in this paragraph are a substantial departure from longstanding agency practice.

6. In February 2006, Plaintiff met with the General Counsel, Defendant Javdan and expressed concern about the failure of OGC management to provide a promotion to an African American attorney in the Office of Financial Law and Lender Oversight based on Plaintiff's promotion recommendation as the supervisor. Defendant Javdan's 2006 action was inconsistent with his actions in 2002 when Defendant Javdan had promoted Caucasian attorneys based on Plaintiff's recommendation and other Caucasian attorneys based upon recommendations of their supervisors. At that time, Plaintiff expressed concern that the failure to promote her employee was racially biased and continued to express such concern continuously thereafter.

7. On information and belief, no African American attorney has ever held a non-political SES career position in OGC. On information and belief, several qualified African American candidates have applied for and have been rejected for such positions and GS 15 level positions in OGC and have been repeatedly not selected.

**8.** Plaintiff received the highest available performance ratings during the entire period of time she has been employed at the SBA.

**9.** In January 2005, a Caucasian, female, Nina Levine, was selected for the Associate General Counsel for Financial Law and Lender Oversight position (Selectee). Plaintiff is more highly qualified for this position and has more relevant experience than the selectee. In addition, Plaintiff actually performed the duties and responsibilities of the position for over three years and received the highest available performance ratings during the entire period of time she has been employed at the SBA.

10. On July 22, 2005, Plaintiff filed a timely Complaint of Discrimination with the EEO & CRC alleging that she was subjected to unlawful employment discrimination on the bases of race and retaliation in violation of Title VII of the Civil Rights Act (42 U.S.C. § 2000e *et seq.*) and related regulations (29 C.F.R. § 1614.101 *et seq.*).

**11.** By letter dated September 19, 2005, the EEO & CRC accepted for formal investigation Plaintiff's complaint that she was discriminated against on the bases of race and retaliation when she was not selected for the position of Associate General Counsel for Financial Law and Lender Oversight in 2005. An independent Equal Employment Opportunity contractor (Investigator) was assigned to conduct and complete an investigation of the allegations in Plaintiff's complaint within 180 calendar days of the issuance of the EEO & CRC letter. The investigation was not completed in 180 days.

**12.** Plaintiff's allegations of non-selection for the SES Associate General Counsel for Financial Law and Lender Oversight position and her retaliation claim were investigated over the course of twelve months, from October 2005 until October 2006 by the Investigator. During the pendency of the investigation and from reading affidavits and

facts found in the resultant Report of Investigation (ROI), Plaintiff discovered the conspiracy alleged herein.

**13.** The Report of Investigation revealed that Defendant Barreto stated that he selected the Selectee Levine by ratifying a recommendation of the SBA Executive Resources Board (ERB). However, the ROI included evidence that the ERB never met to take any personnel action or review any candidate for the position in question as required by federal law, the United States Office of Personnel Management (OPM) regulations and SBA Standard Operating Procedures.

**14.** In fact, Defendant Galvan endorsed or sponsored a memo from Defendant Barrera to Administrator Barreto that suggested that the ERB was making a referral or recommendation of candidates for the Associate General Counsel for Financial Law and Lender Oversight position when in fact the ERB never met to review the candidates. Mr. Barrera knew that the ERB never met nor made any referral or recommendation of candidates because he was the Chairman of the ERB at the time the memorandum was written and given to the Administrator. Defendant Galvan also knew the ERB never met to review the candidates because he was a member of the ERB at the time the purported referral was made to Defendant Barreto.

**15.** Upon information and belief Defendants Galvan, Fortenberry and/or Does I-VI also substantially slowed and ultimately temporarily stopped the EEO & CRC investigation of Plaintiff's complaint by denying the investigator access to the General Counsel, Defendant Javdan, to other relevant information about the ERB (including the names of the individuals serving thereon), and to Administrator Barreto, whose statements were sought for the purposes of furthering the investigation. Does I-VI and/or Defendant

9

Fortenberry, upon information and belief, in late 2004 and early 2005, informed investigator or his company that the case had been "settled" or was in the process of being settled when in fact, no such discussion with Plaintiff had ever taken place with respect to settlement at all. This statement to the investigator substantially delayed the investigation, and allowed selectee Levine to finish her SES probationary period without the proper review of her unlawful appointment.

**16.** Defendant Barrera authored a memorandum to Defendant Barreto that suggested that the ERB had discharged its statutory responsibility to review, rank and make written recommendations of the candidates for the Associate General Counsel for Financial Law and Lender Oversight position when he knew that the ERB never considered the candidates.

**17.** Defendant Javdan attempted to obstruct and frustrate an ongoing EEO & CRC investigation by, *inter alia*: (i) not meeting with or responding to direct and specific inquiries by the Investigator regarding the selection for the Associate General Counsel for Financial Law and Lender Oversight position in 2005; and (ii) by stating that he was not involved in the selection for the Associate General Counsel for Financial Law and Lender Oversight position. The Report of Investigation and other information obtained during the pendency of the investigation demonstrate Defendant Javdan was in fact involved with the selection process.

**18.** Defendant Klein sat on the application screening panel and the interview panel for the Associate General Counsel for Financial Law and Lender Oversight position when he knew or should have known that such dual role involvement in the selection process was improper and/or unlawful.

10

**19.** Defendant Benderson sat on the application screening panel and the inverview panel for the Associate General Counsel for Financial Law and Lender Oversight position when he knew or should have known that such dual role involvement in the selection process was improper and/or unlawful. Defendant Benderson further unduly influenced the interview panel to engage in activity that violated merit system principles by considering qualifications and experience of the Selectee which were not required for the position nor advertised for in his "decision" to recommend selectee Levine. At all relevant times, Defendant Benderson has misrepresented the nature of his relationship with the Plaintiff and the Selectee and, upon information and belief, did not disclose his close personal relationship (including one in which they car pooled together) with the Selectee which would have disqualified him for the panel.

**20.** Based on her statement in the Report of Investigation, Defendant Ford, in evaluating the candidates unduly favored the Selectee by attributing and giving the Selectee credit for having critical experience which she in fact did not and does not have and failed to give Plaintiff consideration for experience that she did in fact possess. Defendant Ford also authorized under her signature, the issuance of the FAD finding no discrimination, when she herself was a subject of the complaint.

**21.** Defendant Fortenberry, upon information and belief and at all relevant times obstructed the EEO & CRC investigation. During the course of the investigation, defendant Fortenberry discovered that the selection did not comply with federal personnel regulations and policy, SBA standard operating procedures and U.S. laws, including, but not limited to 5 U.S.C. § 3393 and 5 C.F.R. § 317.501. Notwithstanding this fact, and the fact that Defendant Fortenberry is obligated under the rules of

11

professional conduct to address such issues she had discovered, she continued to obstruct the EEO & CRC investigation and did not, upon information and belief, take any action to correct the situation or deal with it in any meaningful manner. Upon information and belief, defendants Fortenberry and/or Does I-VI, Galvan and/or Javdan advised the investigator or his company that the case had been settled, when settlement had not even been discussed with Plaintiff at the time.

22. Plaintiff elected to have a Final Agency Decision (FAD) issued in lieu of an administrative hearing before EEOC. That decision was issued by SBA's EEO & CRC and was signed on behalf of Defendant Ford on June 25, 2007. It was received by Plaintiff's Counsel on June 29, 2007.

23. Plaintiff was issued a right to sue notice in the FAD. This Complaint follows and is timely. Plaintiff has exhausted her administrative remedies under Title VII. No exhaustion requirement exists under *Bivens* or for the acts and omissions committed as part of the conspiracy alleged herein.

24. For the allegations of conspiracy under *Bivens* against the individually named defendants and DOES I-VI, plaintiff has no other remedy under law for violations of her Fifth Amendment rights to due process and equal protection under the law.

### FIRST CAUSE OF ACTION
### (VIOLATION OF TITLE VII, RACE DISCRIMINATION)

25. Plaintiff restates as if fully set forth herein each and every claim, assertion and allegation set forth in this complaint and specifically incorporates paragraphs 1-24.

26. Plaintiff Swift is an African American female who applied for the position of Associate General Counsel for Financial Law and Lender Oversight in 2004. She was found "well qualified" and was interviewed for the position.

27. Plaintiff was not selected for the position to which she applied and for which she interviewed. A white female employee with less experience and qualifications was selected in January 2005.

28. Plaintiff was not selected because she is an African American.

29. There is no legitimate management reason for the selection of Selectee Levine and there is no plausible explanation of the selection of Ms. Levine other than race discrimination. Defendants have not and cannot meet the burden of proving that Selectee was appointed to the Associate General Counsel for Financial Law and Lender Oversight position for non-discriminatory reasons because the selection was unlawful.

30. As a consequence, the non-selection of Plaintiff based upon her race violated Title VII of the Civil Rights laws of 1964.

31. Plaintiff has suffered harm as a consequence of the failure to select her, including, but not limited to, monetary damages, emotional pain and suffering, loss of position and stature in OGC, impairment in her ability to obtain other SBA and other professional opportunities, and pay and benefits of an SES position to date and in the future.

## SECOND CAUSE OF ACTION
## (VIOLATION OF TITLE VII, RETALIATION)

32. Plaintiff restates as if fully set forth herein each and every claim, assertion and allegation set forth in this complaint and specifically incorporates paragraphs 1-31.

33. Plaintiff Swift is an African American female who opposed racially discriminatory promotion practices in the Office of General Counsel and subsequently applied for the position of Associate General Counsel for Financial Law. She was found "well qualified" and was interviewed for the position.

34. Plaintiff was not selected for the position to which she applied and for which she interviewed. A white female employee, who on information and belief had not opposed racially discriminatory hiring practices, with less experience and qualifications was selected.

35. Plaintiff was not selected because she opposed racially discriminatory hiring practices in OGC.

36. There is no legitimate management reason for the selection of Selectee Levine and there is no plausible explanation of the selection of Levine other than retaliation against Plaintiff on the grounds that she opposed racially discriminatory practices in OGC.

37. As a consequence, the non-selection of Plaintiff based upon retaliation violated Title VII of the Civil Rights laws of 1964.

38. Plaintiff has suffered harm as a consequence of the failure to select her, including, but not limited to, monetary damages, emotional pain and suffering, loss of position and

stature in OGC, impairment in her ability to obtain other SBA and other professional

opportunities, and pay and benefits of an SES position to date and in the future.

### THIRD CAUSE OF ACTION
### (CIVIL RIGHTS CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(3))

39. Plaintiff restates as if fully set forth herein each and every claim, assertion and

    allegation set forth in this complaint and specifically incorporates paragraphs 1-38.

40. Upon information and belief, all defendants (except Fortenberry) reached an

    agreement to select Levine and not Plaintiff through manipulation of the federal merit

    system and other systems set up by federal law to protect job applicants from

    violations of Constitutional rights to due process and equal protection in said merit

    process. Said agreements were reached and motivated by invidious discriminatory

    animus.

41. Pursuant to and in furtherance of this common cause, all personally named defendants

    and Does I-VI (except Defendant Fortenberry), acting under the color of federal law,

    unlawfully took actions specifically, but not limited to such as those enumerated in

    paragraphs 1-20 above to assure that Plaintiff Swift was not selected. Upon

    information and belief, these overt actions included, but were not limited to, the

    manipulation of the federal merit system and other internal systems set up by federal

    law and policy to protect job applicants from violations of their rights to due process

    and equal protection under the Fifth Amendment to the United States.

42. Plaintiff Swift was directly and proximately injured as a consequence of defendants'

    acts.

43. The Defendants' actions, orders, approvals, and omissions as set forth in this complaint are actionable under 42 U.S.C. § 1985(3). The Defendants' individually and collectively are liable for said violations under *Bivens*.

44. Plaintiff has suffered harm as a consequence of the consequence of the conspiracy, including, but not limited to, monetary damages, emotional pain and suffering, loss of position and stature in OGC, impairment in her ability to obtain other SBA and other professional opportunities, and pay and benefits of an SES position to date and in the future.

## THIRD CAUSE OF ACTION
## (CIVIL RIGHTS CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(3))

45. Plaintiff restates as if fully set forth herein each and every claim, assertion and allegation set forth in this complaint and specifically incorporates paragraphs 1-44.

46. Upon information and belief, all personally named defendants (including defendant Fortenberry) and Does I through VI, acting under the color of federal law, reached an agreement to systematically and invidiously evade, slow, obstruct and delay the investigation of Plaintiff's EEO claims so that Plaintiff would not discover the conspiracy to deprive her of her Constitutional rights to due process and equal protection under the law. Said agreements were reached and motivated by invidious discriminatory animus.

47. Pursuant to and in furtherance of this common cause, all personally named defendants and Does I-VI unlawfully took actions specifically, but not limited to such as those enumerated in paragraphs 5, 12, 15, 17, 21, and 22 above to assure that Plaintiff Swift did not get a impartial, fair, timely and complete investigation of her complaint of discrimination.

48. Plaintiff Swift was directly and proximately injured as a consequence of Defendants' acts.

49. The Defendants' actions, orders, approvals, and omissions as set forth in this complaint are actionable under 42 U.S.C. § 1985(3). The Defendants' individually and collectively are liable for said violations under *Bivens*.

50. Plaintiff has suffered harm as a consequence of the consequence of the conspiracy, including, but not limited to, monetary damages, emotional pain and suffering, loss of position and stature in OGC, impairment in her ability to obtain other SBA and other professional opportunities, and pay and benefits of an SES position to date and in the future.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF FIFTH AMENDMENT RIGHTS)

51. Plaintiff restates as if fully set forth herein each and every claim, assertion and allegation set forth in this Complaint and specifically incorporates paragraphs 1-50.

52. The Defendants' actions described herein violate the Equal Protection Clause of the Fifth Amendment to the U.S. Constitution, which prohibits government officials from intentionally subjecting any individual to treatment that is different from that accorded others similarly situated and is without legitimate basis (e.g., the violation of 5 U.S.C. § 3393 and 5 CFR 317.501 in this selection and not in others).

53. In addition, Defendants' actions in subjecting Plaintiff to differential treatment were motivated by an illegitimate animus, thereby violating the Equal Protection clause of the Fifth Amendment to the US Constitution.

54. Plaintiff has suffered harm as a consequence of the consequence of the violation of her Fifth Amendment rights, including, but not limited to, monetary damages, emotional pain and suffering, loss of position and stature in OGC, impairment in her ability to obtain other SBA and other professional opportunities, and pay and benefits of an SES position to date and in the future.

55. In their conduct set forth in this Complaint, each of the Defendants was acting under color of federal law and in the scope of their federal employment.

56. The Defendants' actions, orders, approvals, and omissions in violation of the Fifth Amendment give rise to a cause of action for damages directly under the United States Constitution under the rule of *Bivens*.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF FIFTH AMENDMENT RIGHTS)

57. Plaintiff restates as if fully set forth herein each and every claim, assertion and allegation set forth in this Complaint and specifically incorporates paragraphs 1-56.

58. The Defendants' actions described herein violate the Due Process Clause of the Fifth Amendment to the U.S. Constitution, which prohibits government officials from manipulating processes which are in place to protect citizens from unwarranted government actions. In this case, the deliberate subversion of the Plaintiff's right to the due processes established by law and policy (e.g., violation of 5 U.S.C. § 3393 and 5 CFR 317.501) for selection to the SES level deprived Plaintiff of her right to employment without due process of law.

59. In addition, Defendants' actions in subjecting Plaintiff to a subverted, manipulated and obstructed EEO investigatory process violated the due Process Clause of the Fifth

Amendment to the U.S. Constitution which prohibits government officials from manipulating processes which are in place to protect citizens from unwarranted government actions. In this case, the deliberate subversion of the Plaintiff's right to the due processes established by law and policy for the conduct of lawful and timely EEO investigations deprived Plaintiff of her employment rights to a fair and impartial EEO process without due process of law because of her race.

60. Plaintiff has suffered harm as a consequence of the violation of her Fifth Amendment rights, including, but not limited to, monetary damages, emotional pain and suffering, loss of position and stature in OGC, impairment in her ability to obtain other SBA and other professional opportunities, and pay and benefits of an SES position to date and in the future.

61. In their conduct set forth in this Complaint, each of the Defendants was acting under color of federal law and in the scope of their federal employment.

62. The Defendants' actions, orders, approvals, and omissions in violation of the Fifth Amendment give rise to a cause of action for damages directly under the United States Constitution under the rule of *Bivens*.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court enter a judgment in her favor, including but not limited to:

1. A determination that Selectee's appointment to the Associate General Counsel for Financial Law and Lender Oversight position violated federal law, regulation and policy and the Fifth Amendment to the US Constitution and is void *ab initio.*

19

2. An Order removing Selectee from the position of Associate General Counsel for

Financial Law and Lender Oversight as a consequence of the failure of the defendants

to follow federal law, regulation and policy in the selection process which is void as

violating the Fifth Amendment to the U.S. Constitution.

3. Appointment of Plaintiff to the position of Associate General Counsel for

Financial Law and Lender Oversight.

4. Compensatory damages for violation of the United States Constitution and laws of

the United States in an amount of $ 2 million dollars from each named defendant.

5. $ 300,000 as compensatory damages for violation of Title VII of the Civil Rights

laws of the United States as consistent with the statutory authority for Title VII

violations.

6. An award of back pay, front pay, and attorneys' fees and costs.

7. All other relief which this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Dated: September 26, 2007          Respectfully Submitted,

By: *Yolanda Swift*

Yolanda Swift, *Pro Se*
34 V Street, N.W.,
Washington, D. C.  20001
Mobile: 410-499-2310
Fax :    301-362-1527



# U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416

JUN 2 5 2007

Ms. Yolanda V. Swift
c/o Robert D. L'Heureux
McNamara & L'Heureux, P.C.
6094B Franconia Road
Alexandria, VA  22310-4433

Re:    Yolanda Swift v. SBA
         SBA Case No. 07-05-028

Dear Ms. Swift:

The Final Agency Decision on your complaint of discrimination filed against the U.S. Small Business Administration is enclosed.  Included with the decision is a statement of your appeal rights with deadlines for appropriate action.

If you have any questions, please contact Sandra Winston, EEO Director, at (202) 205-7156.

Sincerely,

Delorice P. Ford
Acting Assistant Administrator
Equal Employment Opportunity
    and Civil Rights Compliance

Enclosures:
1.  Final Agency Decision
2.  EEOC Form 573, Notice of Appeal/Petition

07 1727
FILED

SEP 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## APPEAL RIGHTS

A complainant who is dissatisfied with the Final Decision of the Small Business Administration may file a notice of appeal with the Equal Employment Opportunity Commission's Office of Federal Operations, as provided by 29 C.F.R. §1614.401.

A notice of appeal must be filed within thirty (30) days after receipt of the Small Business Administration's Final Decision. An appeal shall be deemed filed on the date it is postmarked or, in the absence of a postmark, on the date it is received by the Commission. If complainant is represented by an attorney of record, then the thirty (30) day time period within which to appeal shall be calculated from the date of receipt of the Final Decision by the attorney. If complainant does not have an attorney of record, the time within which to appeal shall be calculated from the date of receipt of the Final Decision.

Appeals must be filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036, or by personal delivery to 1801 L Street, N.W., Washington, D.C., or facsimile at 202-663-7022. Complainants are advised to use EEOC Form 573, Notice of Appeal/Petition, and indicate what is being appealed. In or attached to the appeal to the Commission, complainants must certify the date and method by which service was made on the Small Business Administration. If complainant does not file an appeal within the time limits specified by this notice, the appeal shall be deemed untimely and shall be dismissed.

Any statement or brief in support of the appeal must be submitted to the Director, Office of Federal Operations, at the above address, and to the Office of Equal Employment Opportunity and Civil Rights Compliance, Small Business Administration, 409 3rd Street, S.W., Suite 5100, Washington, D.C. 20416, within thirty (30) calendar days of filing the appeal.

Complainants may file a civil action in an appropriate United States District Court within the following time frames:

(1)     Within ninety (90) calendar days of receipt of the final decision if no appeal was filed;

(2)     After one hundred and eighty (180) calendar days from the date of filing the complaint if an appeal has not been filed and a final action has not been issued by the agency;

(3)     Within ninety (90) calendar days of receipt of the Commission's decision on an appeal; or

(4)     After one hundred and eighty (180) calendar days from the date of filing an appeal with the Commission if there has been no final decision on the appeal by the Commission.

If a civil action is filed and complainant does not have or is unable to obtain the services of an attorney, complainant may request the court to appoint an attorney to provide legal representation. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above-referenced time limits for filing suit and in such form and manner as the court may require.

When filing a civil action, complainants must name the head of the Small Business Administration as defendant. Failure to name the head of the Agency may result in the loss of any judicial redress to which complainants may be entitled. The head of the Small Business Administration is Steven C. Preston, Administrator

FOR THE U.S. SMALL BUSINESS ADMINISTRATION

Delorice P. Ford
Acting Assistant Administrator
Equal Employment Opportunity
  and Civil Rights Compliance

07-1727
ESH

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| YOLANDA SWIFT | STEVEN C. PRESTON, ADMINISTRATOR, US SMALL BUSINESS ADMINISTRATION, ET AL |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    District of Columb
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    District of Columb
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

34 V Street, NW
Washington, D.C.  20001
40. 499, 2310

Case: 1:07-cv-01727
Assigned To : Huvelle, Ellen S.
Assign. Date : 9/27/2007
Description: Employ. Discrim.

JURY ACTION

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil | | |
|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br><br>☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

(11)

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☒ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Title VII of the Civil Rights Act of 1964, 42 USC 2000-e, et seq, 42 USC 1985, employment discrimination and retaliation

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 300,000+ **JURY DEMAND:** | Check YES only if demanded in complaint YES ☒ NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 9/27/2007   SIGNATURE OF ATTORNEY OF RECORD   *Yolanda Swift*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.