# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| YOLANDA SWIFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Civil Action No. 07-cv-1727 (ESH) |
| STEVEN C. PRESTON, Administrator, U.S. | ) | |
| Small Business Administration, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FOR INSUFFICIENT SERVICE OF PROCESS, OR FOR FAILURE TO STATE A CLAIM

Defendant Steven C. Preston, Administrator, U.S. Small Business Administration (SBA) ("the Administrator"), moves the Court to dismiss any and all claims based on provisions of federal law other than Title VII of the Civil Rights Act of 1964, including the plaintiff's third, fourth, fifth, and sixth causes of action,[1] for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted under Rule 12(b)(6), for the reasons explained in the attached memorandum of points and authorities.

Defendants Hector V. Barreto, Jr.; Michael L. Barrera; Stephen Galvan; David A. Javdan; Eric S. Benderson; John W. Klein; Delorice Ford; and Monique Fortenberry move the Court to dismiss all claims against them for lack of subject matter jurisdiction under Rule 12(b)(1), for insufficient service of process under Rule 12(b)(5), and for failure to state a claim

---

[1]This motion and the accompanying memorandum of law follow the numbering of the causes of action in the plaintiff's complaint as amended by the plaintiff's Notice of Correction (dkt. no. 5).

upon which relief can be granted under Rule 12(b)(6), for the reasons stated in the attached

memorandum of points and authorities.

     A proposed order is attached.

Dated: December 17, 2007               Respectfully submitted,

                                     JEFFREY S. BUCHOLTZ
                                     Acting Assistant Attorney General

                                     JEFFREY A. TAYLOR
                                     United States Attorney

                                     JOSEPH W. LOBUE (D.C. Bar No. 293514)
                                     Assistant Branch Director
                                     Federal Programs Branch

                                     /s/ JAMES C. LUH
                                     JAMES C. LUH
                                     Trial Attorney
                                     United States Department of Justice
                                     Civil Division, Federal Programs Branch
                                     20 Massachusetts Ave NW
                                     Washington DC 20530
                                     Tel: (202) 514-4938
                                     Fax: (202) 616-8460
                                     E-mail: James.Luh@usdoj.gov
                                     Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA SWIFT,                               ) | |
|                                              ) | |
|        Plaintiff,        ) | |
|    vs.                        ) | |
|                                              ) | |
| STEVEN C. PRESTON, Administrator, U.S.  )    | Civil Action No. 07-cv-1727 (ESH) |
|    Small Business Administration, et  )  | |
|    al.,                       ) | |
|                                              ) | |
|        Defendants.      ) | |
|                                              ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Plaintiff Yolanda Swift, an African American attorney employed in the Office of General

Counsel of the U.S. Small Business Administration (SBA), alleges that the SBA and certain SBA

employees discriminated against her based on her race in the 2005 selection of the SBA's

Associate General Counsel for Financial Law and Lender Oversight, retaliated against her in that

selection based on her opposition to unlawful discriminatory practices, and impeded the

investigation of an equal employment opportunity (EEO) complaint that she filed with the

agency. The plaintiff, appearing pro se, asserts claims under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-16(c); claims of conspiracy to interfere with civil rights under 42

U.S.C. § 1985(3); and claims directly under the Fifth Amendment of the Constitution against the

Administrator of the SBA ("the Administrator") and eight current or former SBA employees:

Hector V. Barreto, Jr., Michael L. Barrera, Stephen Galvan, David A. Javdan, Eric S. Benderson,

John W. Klein, Delorice Ford, and Monique Fortenberry (collectively "the individual

defendants"). For the reasons set forth below, all of the claims against the individual defendants

in this case, and all claims against the Administrator other than the Title VII claims, should be dismissed for lack of subject matter jurisdiction.

The Supreme Court and the D.C. Circuit have made clear that a Title VII suit against the agency head is the exclusive remedy for claims of racial discrimination in federal employment. A federal employee cannot pursue claims of racial discrimination under other provisions of law or through individual actions against federal officers. See Part I.A.

To the extent that the plaintiff alleges irregularities in the selection process other than racial discrimination, her claims should be dismissed, because the comprehensive remedial scheme provided by the Civil Service Reform Act (CSRA) is the exclusive remedy for claims related to federal personnel practices, and the CSRA does not permit an unsuccessful applicant in the plaintiff's position to sue either the agency or individual federal officers in a federal district court for violations of civil service laws or regulations. See Part I.B.

All of the plaintiff's claims, apart from the Title VII claim against the Administrator of the SBA, further fail to state a claim upon which relief can be granted. Any Title VII claims against the individual defendants fail to state a claim because Title VII does not authorize suits against individual federal officers. See Part II.A. The plaintiff's claims under 42 U.S.C. § 1985(3) fail to state a claim because the complaint does not allege facts sufficient to suggest an agreement among the defendants. See Part II.B. The plaintiff also fails to state a claim based on procedural due process, because neither an applicant's interest in a government position nor an individual's interest in adherence to established procedures amounts to a property interest protected by the Due Process Clause. In addition, the individual defendants would be entitled to qualified immunity for any procedural due process claims, because none of their alleged actions are actions that reasonable officers would have recognized as violations of due process. See Part

II.C.

Accordingly, the Court should dismiss all of the claims against the individual defendants. It should also dismiss all of the claims against the Administrator under 42 U.S.C. § 1985(3) and the Due Process Clause of the Fifth Amendment.

**BACKGROUND**

**I.    Statement of Facts[1]**

The plaintiff, Yolanda Swift, has been employed as an attorney in the Office of General Counsel at the U.S. Small Business Administration (SBA) since November 1998. Compl. ¶ 1. Steven C. Preston is named as a defendant in his official capacity as Administrator of the SBA. The eight persons named as defendants in their individual capacities are all current or former SBA employees: Hector V. Barreto, Jr., is a former Administrator of the SBA; Michael L. Barrera is a former Ombudsman for the SBA; Stephen Galvan is a former Chief Operating Officer and Chief of Staff of the SBA; David A. Javdan is a former General Counsel of the SBA; Eric S. Benderson is Associate General Counsel for Litigation for the SBA; John W. Klein is Associate General Counsel for Procurement Law for the SBA; Delorice Ford is Assistant Administrator for Hearings and Appeals for the SBA; and Monique Fortenberry is Acting Associate General Counsel for General Law for the SBA.

The plaintiff is African American, and she alleges that on one occasion in February 2004 she raised concerns with the SBA's General Counsel about possible discrimination in the

---

[1]This Statement of Facts is based on the factual allegations in the plaintiff's complaint. For purposes of the defendants' motion to dismiss only, the defendants assume the truth of the well-pleaded factual allegations in the complaint.

treatment of another African American attorney. Compl. ¶¶ 1, 6; Notice of Correction at 1.[2] In

September 2004, the plaintiff applied for the position of Associate General Counsel for Financial

Law and Lender Oversight and was identified as among the best qualified candidates for the

position. Compl. ¶ 5. In January 2005, the plaintiff was not selected for the Associate General

Counsel position, and a White employee was selected for the position. Compl. ¶ 9. The plaintiff

alleges that her experience and other qualifications were superior to those of the individual

selected for the position, but she was denied the position because of her race. Compl. ¶¶ 27–28.

The plaintiff alleges that the selection was also improper because the SBA's Executive

Resources Board did not meet to review candidates, because defendants Klein and Benderson

served on both the screening panel for the selection and the interview panel, and because

defendant Benderson was a personal friend of the person selected for the position. Compl. ¶¶ 5,

13–14, 16, 18–19.

On July 22, 2005, the plaintiff filed a complaint of unlawful discrimination based on race

and retaliation with the SBA's Office of Equal Employment Opportunity and Civil Rights

Compliance. Compl. ¶ 10. The SBA accepted the complaint for formal investigation, and the

investigation was completed in October 2006. Compl. ¶¶ 11–12.

The plaintiff alleges, upon information and belief, that SBA employees, including Galvan

and Fortenberry, impeded the EEO investigation by denying the investigator access to SBA

personnel and information. Compl. ¶ 15. She further alleges, on information and belief, that SBA

employees, including Galvan, Javdan, or Fortenberry, slowed the investigation by inaccurately

---

[2]This memorandum of law addresses the complaint as amended by the plaintiff's December 12, 2007, Notice of Correction (dkt. no. 5). In the Notice of Correction, the plaintiff amended paragraph 6 of the Complaint so that a personnel decision and a meeting previously alleged to have occured in 2004 are now alleged to have occurred in 2006. Notice of Correction at 1.

informing the contract EEO investigator or his firm that the plaintiff's complaint had been settled or was in the process of being settled. Compl. ¶¶ 15, 21. The complaint states that defendant Javdan impeded the investigation by failing to respond to the EEO investigator's inquiries and by inaccurately stating that he was not involved in the disputed selection process. Compl. ¶ 17.

The plaintiff elected to receive a Final Agency Decision without requesting a hearing before an Equal Employment Opportunity Commission Administrative Judge, and the agency issued a Final Agency Decision on June 25, 2007, concluding that the plaintiff had not shown discrimination or retaliation. Compl. ¶ 22. The decision informed the plaintiff that, if she was dissatisfied with the decision, she could pursue a complaint in district court. Compl. ¶ 23. The plaintiff alleges that her counsel at the time received notice of the decision on June 29, 2007. Compl. ¶ 22.

## II.     The Plaintiff's District Court Complaint

The plaintiff filed her pro se complaint in this Court on September 27, 2007. She asserts that she experienced unlawful race-based discrimination in the selection process for the Associate General Counsel for Financial Law and Lender Oversight position and that, in connection with that selection process and the handling of her EEO complaint, the eight individual defendants conspired to deprive her of her Fifth Amendment rights to due process and equal protection. Based on these alleged events, she asserts claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964; civil rights conspiracy claims under 42 U.S.C. § 1985(3); and claims based on violations of her rights under the Due Process Clause of the Fifth Amendment. Compl. ¶¶ 25–62. The plaintiff seeks declaratory and injunctive relief compelling the SBA to appoint her to the position of Associate General Counsel for Financial Law and Lender Oversight, $2 million in damages from each individual defendant under

§ 1985(3) and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S.

388 (1971), back pay, front pay, and attorney's fees and costs, and other relief. Compl. at 19–20.

On December 12, 2007, the plaintiff filed a notice of correction to her complaint

changing the numbering of the causes of action in the complaint and changing a date alleged in

paragraph 6 of her complaint.

**III.     Provisions of Law at Issue**

Title VII of the Civil Rights Act of 1964, made applicable to federal employees by a

1972 amendment to the statute, prohibits federal executive agencies from discriminating on the

basis of race in personnel actions. 42 U.S.C. § 2000e-16(a); <u>see</u> Equal Employment Opportunity

Act of 1972, Pub. L. No. 92-261, § 10, 86 Stat. 103, 111–13. The D.C. Circuit has held that the

Act further prohibits federal agencies from discriminating against any employee "because he has

opposed" practices prohibited by Title VII "or because he has made a charge, testified, assisted,

or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42

U.S.C. § 2000e-3(a); <u>id.</u> §§ 2000e-5(g)(1), 2000e-16(d); <u>see</u> <u>Rochon v. Gonzales</u>, 438 F.3d 1211,

1219 (D.C. Cir. 2006).

42 U.S.C. § 1985(3), originally enacted as part of the Civil Rights Act of 1871, creates a

private civil remedy for conspiracy to interfere with civil rights. The section provides:

> If two or more persons in any State or Territory conspire or go in disguise on the
> highway or on the premises of another, for the purpose of depriving, either
> directly or indirectly, any person or class of persons of the equal protection of the
> laws, or of equal privileges and immunities under the laws; . . . in any case of
> conspiracy set forth in this section, if one or more persons engaged therein do, or
> cause to be done, any act in furtherance of the object of such conspiracy, whereby
> another is injured in his person or property, or deprived of having and exercising
> any right or privilege of a citizen of the United States, the party so injured or
> deprived may have an action for the recovery of damages occasioned by such
> injury or deprivation, against any one or more of the conspirators.

<u>Id.</u>

The plaintiff also asserts claims under the Due Process Clause of the Fifth Amendment. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court established that in certain circumstances, a plaintiff may be able to recover damages from individual federal officers for constitutional violations. See id. at 397; see generally Wilkie v. Robbins, 127 S. Ct. 2588, 2597–98 (2007) (recounting the evolution of the principles governing recognition of Bivens damages remedies).

## ARGUMENT

I.    **All Claims Against the Individual Defendants and All Claims Other than the Title VII Claims Against the Administrator Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

A.    **A Title VII Action Against the Agency Head Is the Sole and Exclusive Remedy for Claims of Racial Discrimination in Federal Employment.**

The Supreme Court and the D.C. Circuit have made clear that the sole and exclusive remedy for claims related to racial discrimination in federal employment is a Title VII action against the head of the employing agency. Accordingly, the Court should dismiss all claims against the individual defendants, as well as the plaintiff's third, fourth, fifth, and sixth causes of action against the Administrator, Compl. ¶¶ 39–62, for lack of subject matter jurisdiction.

"A federal court presumptively lacks jurisdiction in a proceeding until a party demonstrates that jurisdiction exists. A party must therefore affirmatively allege in his pleadings the facts showing the existence of jurisdiction, and the court must scrupulously observe the precise jurisdictional limits prescribed by Congress." Commodity Futures Trading Comm'n v. Nahas, 738 F.2d 487, 492 n.9 (D.C. Cir. 1984). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

In Brown v. General Services Administration, 425 U.S. 820 (1976), the Supreme Court made clear that § 717 of the Civil Rights Act of 1964, made applicable to federal employees by a 1972 amendment to the statute, "provides the exclusive judicial remedy for claims of discrimination in federal employment." Id. at 835. The Court found that the legislative history and structure of the 1972 amendment unambiguously demonstrated that Congress had created a comprehensive administrative and judicial scheme that did not merely augment other remedies for pursuing claims of racial discrimination, but displaced other remedies altogether. See id. at 832–33. Permitting a federal employee to pursue claims through other avenues, the Court observed, would allow a plaintiff to circumvent the "careful and thorough remedial scheme" established under Title VII. Id. at 833. Accordingly, Title VII is the only avenue by which the plaintiff can pursue her claims. The plaintiff cannot pursue employment discrimination claims against the Administrator of the SBA under other federal statutes or directly under the Constitution. The plaintiff's remaining constitutional and statutory claims against the Administrator should therefore be dismissed.

For the same reason, all the claims against the individual defendants should be dismissed. The only proper defendant in a Title VII action brought by a federal employee is the head of the agency, see 42 U.S.C. § 2000e-16(c); Davis v. Califano, 613 F.2d 957, 958 n.1 (D.C. Cir. 1979), and the exclusive remedy provided by Title VII bars any other actions against individual federal officers based on allegations of racial discrimination in federal employment. Prior cases have specifically held that Title VII precludes both civil rights conspiracy actions under 42 U.S.C. § 1985(3) and Bivens actions seeking damages from individual federal officers for constitutional violations. In Great American Federal Savings & Loan Ass'n v. Novotny, 442 U.S. 366 (1979),

the Supreme Court held, based on its earlier holding in <u>Brown</u>, that "§ 1985(3) may not be invoked to redress violations of Title VII. . . . [D]eprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." <u>Id.</u> at 378. And in <u>Kizas v. Webster</u>, 707 F.2d 524 (D.C. Cir. 1983), the D.C. Circuit held that "[t]he Title VII remedy declared exclusive for federal employees in <u>Brown v. GSA</u> precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation." <u>Id.</u> at 542 (citing <u>Gissen v. Tackman</u>, 537 F.2d 784 (3d Cir. 1976) (en banc)).[3]

The plaintiff's claims related to supposed deficiencies or misconduct in an agency's investigation and resolution of an EEO complaint, <u>see</u> Fourth and Sixth Causes of Action, Compl. ¶¶ 45–50, 57–62, are among the claims precluded by the Title VII remedial scheme. Title VII itself provides no cause of action for such claims, but such claims are nevertheless displaced by the Title VII remedial scheme because they aim to redress the "same basic injury" as an ordinary Title VII action—that is, they aim to redress the plaintiff's underlying complaint of racial discrimination. <u>See</u> <u>Ethnic Employees of the Library of Cong. v. Boorstin</u>, 751 F.2d 1405, 1415 (D.C. Cir. 1985) (explaining that Title VII does not displace claims for "violations against which Title VII provides no protection at all," but does displace claims that "redress the same basic injury" as a Title VII suit). In <u>Smith v. Casellas</u>, 119 F.3d 33 (D.C. Cir. 1997) (per curiam), the D.C. Circuit held that Title VII barred a claim against the EEOC for improper investigation of an EEO complaint, because Congress intended a district court action against the employer to

---

[3]The plaintiffs in <u>Kizas</u> argued that their constitutional claims were permissible under <u>Davis v. Passman</u>, 442 U.S. 228 (1979), in which the Supreme Court found that a congressional employee could pursue individual claims under the Constitution for gender-based discrimination. But the court in <u>Kizas</u> rejected the plaintiffs' argument, explaining that the holding in <u>Davis</u> turned on the fact that the plaintiff in that case was not covered by Title VII. <u>See</u> <u>Kizas</u>, 707 F.2d at 542–43. The plaintiff in this case, like the plaintiffs in <u>Kizas</u>, is covered by Title VII.

be the exclusive avenue for redressing any harm that might ensue from defects in an EEO

investigation. See id. at 34. Permitting standalone suits based on defects or failures in an

investigation, the court reasoned, would undermine the Title VII remedial scheme. See id.; see

also Bagenstose v. District of Columbia, 503 F. Supp. 2d 247, 255–56 (D.D.C. 2007) (Bates, J.)

(explaining that "because Congress provided alleged victims of employment discrimination a

right to sue in federal court regardless of whether the EEOC rejects their claims, those parties

suffer no harm if the EEOC conducts an imperfect investigation or inquiry"); Keeley v. Small,

391 F. Supp. 2d 30, 45 (D.D.C. 2005) (Bates, J.) (explaining that the only recourse available to a

plaintiff complaining of delay or interference in the EEO investigation process is to pursue a de

novo action in district court on the merits of her Title VII claim). Accordingly, the plaintiff

cannot pursue her discrimination claims outside the Title VII framework by simply recasting her

core Title VII complaint as a complaint about denial of access to an effective EEO investigation

process.

Accordingly, all the claims against the individual defendants, and all the claims against

the Administrator other than those asserted under Title VII, should be dismissed for lack of

subject matter jurisdiction.

**B.     The Remedies Provided Under the Civil Service Reform Act Are the Exclusive Remedy for Any Claims of Violations of Civil Service Laws and Regulations that Plaintiff Asserts Independent of Her Claims of Racial Discrimination.**

To the extent that the plaintiff seeks to bring claims under the Fifth Amendment or

Bivens based on actions not related to racial discrimination, such as supposed violations of 5

U.S.C. § 3393 and 5 C.F.R. § 317.501[4] or federal personnel policies, Compl. ¶¶ 39–62, the

---

[4] 5 U.S.C. § 3393 establishes requirements for recruitment, appointment, and removal of Senior Executive Service employees. Id. 5 C.F.R. § 317.501 governs recruitment and selection of

10

plaintiff's claims are precluded by the Civil Service Reform Act. Accordingly, all claims gainst the individual defendants, as well as the plaintiff's third, fourth, fifth, and sixth causes of action against the Administrator, Compl. ¶¶ 39–62, should be dismissed for lack of subject matter jurisdiction even if they were not otherwise precluded by Title VII.

The Civil Service Reform Act (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (1978) (codified as amended in scattered sections of 5 U.S.C.), provides a comprehensive administrative and judicial review mechanism for disputes related to personnel actions in the federal civil service. See generally United States v. Fausto, 484 U.S. 439, 443–45 (1988) (explaining that Congress enacted the CSRA to do away with an outmoded "patchwork of statutes and rules" governing the civil service and replace it with an "integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration.").

Under the CSRA, an individual who applies for a position but is not selected may file a complaint with the Office of Special Counsel, which is required to investigate the employee's complaint. See 5 U.S.C. § 1214(a)(1) (providing for Office of Special Counsel investigation of allegations of "prohibited personnel practice[s]"); id. § 2302(a)(1), (b)(12) (providing that it is a "prohibited personnel practice" to take or fail to take personnel action not otherwise listed in § 2302(b) if the action or failure to take action violates any law, rule, or regulation implementing or directly concerning the merit system principles contained in 5 U.S.C. § 2301). Once the investigation is complete, the Office of Special Counsel may seek remedial action from the agency or the Merit Systems Protection Board. 5 U.S.C. § 1214(b)(2)(B). However, the statute does not provide an avenue for an unsuccessful applicant in the plaintiff's position to bring an

---

Senior Executive Service employees. Id.

action in district court. Cf. Spagnola v. Mathis, 859 F.2d 223, 225 (D.C. Cir. 1988) (en banc) (explaining that an employee challenging failure to promote had no avenue for judicial review other than, at most, judicial review to determine whether the Office of Special Counsel conducted an adequate inquiry).

The remedies available to federal employees under the CSRA are the exclusive statutory remedy for claims related to federal personnel decisions. The CSRA scheme precludes any claims by civil service employees based on any other federal statutes, such as the Administrative Procedure Act, 5 U.S.C. §§ 701–706. See Harrison v. Bowen, 815 F.2d 1505, 1516, 1517 (D.C. Cir. 1987); Carducci v. Regan, 714 F.2d 171, 175 (D.C. Cir.1983). The CSRA further requires a civil service employee to pursue a complaint under the CSRA before she may pursue any related constitutional claim in federal court. Steadman v. Governor, U.S. Soldiers' & Airmen's Home, 918 F.2d 963, 967 (D.C. Cir. 1990). Because the plaintiff has not pursued a complaint with the Office of Special Counsel, she cannot pursue a claim based on alleged violations of constitutional due process.

The CSRA remedial scheme also bars all employment-related actions, including both constitutional and statutory actions, against federal officers in their individual capacities. Accordingly, all claims against the individual defendants stated in the plaintiff's third, fourth, fifth, and sixth causes of action should be dismissed even if they are intended to assert claims unconnected with the plaintiff's Title VII claim. In Bush v. Lucas, 462 U.S. 367 (1983), the Supreme Court found that the scheme established under the CSRA, "an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations," made it inappropriate for the courts to create a Bivens-style right of action against federal officers for claims related to federal employment. Id. at 388. The Court concluded

12

that the CSRA remedial scheme was the plaintiff's only recourse even though the CSRA did not provide complete relief for his claims. Id.

Similarly, in Spagnola v. Mathis, 809 F.2d 16 (D.C. Cir. 1986), vacated in part on other grounds, 809 F.2d 15 (D.C. Cir. 1987), the D.C. Circuit held that the CSRA administrative scheme precluded a civil rights conspiracy claim under § 1985(1). Id. at 30. Suits seeking relief under § 1985(3) are subject to the same limitations as suits seeking relief under § 1985(1), because both statutes rely on the same remedial provision. See Kush v. Rutledge, 460 U.S. 719, 724 (1983) (explaining the structure of § 1985 and explaining that § 1985(3) establishes the civil remedy for violations of any of the subsections of § 1985). Thus, the CSRA bars claims under § 1985(3) for claims related to federal employment. Of course, any claims distinct from the plaintiff's underlying claim of racial discrimination would not be actionable under § 1985(3) in any event, because § 1985(3) only applies to conspiracies motivated by discriminatory animus. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267–68 (1993) ("[T]o prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must show, inter alia, (1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,' and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment.'" (citation omitted) (footnote omitted) (second alteration in original)).

## C.    Any Claims Seeking Damages Against the SBA Under 42 U.S.C. § 1985(3) or Bivens Are Barred by Sovereign Immunity and Should Be Dismissed for Lack of Subject Matter Jurisdiction.

The plaintiff's third, fourth, fifth, and sixth causes of action, seeking damages pursuant to 42 U.S.C. § 1985(3) and Bivens, Compl. ¶¶ 39–62, appear to assert claims only against the individual defendants, not against the Administrator. To the extent that the plaintiff seeks to

assert such claims against the Administrator, the claims are barred by sovereign immunity and should be dismissed for lack of subject matter jurisdiction. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) (explaining that sovereign immunity is a jurisdictional bar to suits against the federal government); Graves v. United States, 961 F. Supp. 314, 318 (D.D.C. 1997) (Sporkin, J.) (holding that § 1985(3) does not waive sovereign immunity), appeal dismissed, 1998 WL 202177 (D.C. Cir. 1998); see also Meyer, 510 U.S. at 486 (holding that a Bivens damages remedy is not available against a federal agency).

## II.   All of the Plaintiff's Claims Other than the Title VII Claims Against the Administrator Further Fail to State a Claim upon Which Relief Can Be Granted.

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (footnote omitted) (citations omitted). In evaluating the sufficiency of the complaint, the Court considers only "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). The rules of pleading require factual allegations "plausibly suggesting," and "not merely consistent with," the elements of a valid claim for relief. See Bell Atl. Corp., 127 S. Ct. at 1966. In addition, dismissal is appropriate if the plaintiff's claims are defeated by a defense that appears on the face of the complaint. See Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998) ("[A]n affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint.").

14

### A.    Title VII Does Not Authorize Claims for Damages Against Federal Officials in Their Individual Capacities.

The plaintiff's first and second causes of action, Compl. ¶¶ 25–38, appear to assert claims under Title VII only against the Administrator in his official capacity, not against the individual defendants. To the extent that the plaintiff seeks to bring Title VII claims against the individual defendants, they should be dismissed for failure to state a claim upon which relief can be granted, because Title VII does not authorize suits against individual federal officials.

The only proper defendant in a Title VII action brought by a federal employee is the head of the agency; Title VII does not authorize claims against individual defendants. See 42 U.S.C. § 2000e-16(c); Davis v. Califano, 613 F.2d 957, 958 n.1 (D.C. Cir. 1979) ("[T]he court below properly dismissed this action as to the individual federal defendants. Secretary Califano is the only appropriate defendant herein, as he is the head of the agency."). Thus, if the plaintiff's first and second causes of action, Compl. ¶¶ 25–38, are intended to assert claims against the individual defendants, the claims must be dismissed.[5]

### B.    The Plaintiff's Conclusory Allegations of Conspiracy Are Insufficient to State a Claim Under 42 U.S.C. § 1985(3).

The plaintiff's third and fourth causes of action, Compl. ¶¶ 39–50, asserting claims of civil conspiracy under 42 U.S.C. § 1985(3), should be dismissed because the plaintiff's conclusory allegations of an agreement among the defendants, see Compl. ¶¶ 40, 46, are

---

[5]The complaint appears to focus on the selection of the SBA's Associate General Counsel for Financial Law and Lender Oversight in January 2005, but the complaint also mentions several earlier employment actions. See Compl. ¶¶ 1–3 (describing actions in 1997, 2000, and 2003). If the plaintiff seeks to assert claims of discrimination in connection with any of those earlier actions, those claims should be dismissed for failure to state a claim, because the plaintiff failed to timely pursue administrative remedies with respect to any such claims. See 29 C.F.R. § 1614.105(a)(1) (complainant must contact an EEO counselor within 45 days of the alleged discriminatory action); Patterson v. Johnson, 505 F.3d 1296, 1297 (D.C. Cir. 2007); Stewart v. Ashcroft, 352 F.3d 422, 425–26 (D.C. Cir. 2003).

inadequate to state a claim for conspiracy under § 1985(3).

To establish a claim under the conspiracy clause of § 1985(3), a plaintiff must establish "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." See Hobson v. Wilson, 737 F.2d 1, 14 (D.C. Cir. 1984), abrogated in part on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). The plaintiff must also establish "(1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,' and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment.'" Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267–68 (1993) (citation omitted) (footnote omitted) (alteration in original).

To meet the first requirement—establishing a civil conspiracy—the plaintiff must in turn establish four elements: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." Burnett v. Sharma, 511 F. Supp. 2d 136, 143 (D.D.C. 2007) (Walton, J.). (quoting Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983)).

The plaintiff's only allegations of an agreement are conclusory allegations that the defendants "reached an agreement" to deprive her of her rights, without any elaboration of when, how, or in what circumstances the defendants supposedly came to such an agreement. Compl. ¶¶ 40, 46. Such a recitation of "labels and conclusions," Bell Atl. Corp. v. Twombly, 127 S. Ct.

16

1955, 1965 (2007), is not enough to allege an agreement that can support a claim of conspiracy. See id. at 1966 (stating, in evaluating allegations of conspiracy under the Sherman Act, 15 U.S.C. § 1, that "parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."); see also, e.g., Burnett, 511 F. Supp. 2d at 143; Brady v. Livingood, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) (Leon, J.).

Thus, the complaint does not allege facts sufficient to establish a conspiracy, and it therefore does not allege facts sufficient to state a claim under § 1985(3).

**C.**     **The Plaintiff Fails to State a Claim for Violations of Procedural Due Process.**

As explained above, the plaintiff's fifth cause of action, asserting equal protection claims based on alleged unlawful racial discrimination, Compl. ¶¶ 51–56, is precluded by the Title VII remedial scheme. See supra part I.A. Likewise, the plaintiff's sixth cause of action, asserting violations of due process, Compl. ¶¶ 57–62, is precluded by Title VII to the extent that it is based on claims of racial discrimination, see supra part I.A, and by the CSRA to the extent that it alleges claims based on other alleged procedural irregularities, see supra part I.B. The sixth cause of action further fails to state a valid claim for a violation of due process, and even if it did state a valid claim, the doctrine of qualified immunity would bar any claims against the individual defendants.

**1.**     **The Plaintiff's Complaint Does Not Identify Any Interest Entitled to Due Process Protection.**

The plaintiff also fails to state a claim for violations of procedural due process, because neither her interest in the Associate General Counsel position, her interest in adherence to proper procedures in the hiring process for that position, nor her interest in proper handling of her Title VII complaint amounts to a liberty or property interest protected by the Due Process Clause.

Accordingly, the due process claims contained in the plaintiff's sixth cause of action, Compl. ¶¶ 57–62, should be dismissed.

A plaintiff seeking to establish a violation of due process must allege at the outset that she has some cognizable liberty or property interest entitled to constitutional protection. See Reeve Aleutian Airways, Inc. v. United States, 982 F.2d 594, 598 (D.C. Cir. 1993). The plaintiff in this case fails at this first step, because none of the various interests that she asserts amounts to a constitutionally protected property interest.

The plaintiff's complaint asserts that the defendants denied her the right to "employment." Compl. ¶ 58. More precisely, the plaintiff asserts an interest in the employment of her choice—the Associate General Counsel position she sought and was denied. But as the D.C. Circuit held in White v. Office of Personnel Management, 787 F.2d 660 (D.C. Cir. 1986), an individual who applies for a government position and is not selected has no constitutionally protected liberty or property interest in appointment to the position. See id. at 663–67 ("The government's relationship with an applicant for a particular job does not implicate the due process clause's protection of liberty interests.").

Alternatively, the plaintiff asserts that procedural irregularities in the selection of the Associate General Counsel deprived her of her right to "the due processes established by law and policy for selection to the SES [Senior Executive Service] level." Compl. ¶ 58. She asserts a similar claim based on alleged deficiencies or misconduct in the resolution of her EEO complaint, asserting that she was deprived of her right to "the due processes established by law and policy for the conduct of lawful and timely EEO investigations." Compl. ¶ 59. But the Supreme Court and the D.C. Circuit have held that an individual has no constitutionally protected property interest in adherence to particular procedures or in access to a particular

mechanism for pursuing grievances. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 250 (1983)

("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to

which the individual has a legitimate claim of entitlement."); Ohio Adult Parole Auth. v.

Woodard, 523 U.S. 272, 280 n.2 (1998) (plurality opinion) (noting that "a protected interest in

process itself . . . is not a cognizable claim"); Griffith v. Fed. Labor Relations Auth., 842 F.2d

487, 495 (D.C. Cir. 1988) (rejecting the plaintiff's assertion of a property interest in using

"'established adjudicatory procedures to redress violations of law.'"). Denial of access to proper

procedures raises constitutional due process concerns only if that denial impairs underlying

substantive rights that are entitled to due process protection. See Wakinekona, 461 U.S. at 250;

Griffith, 842 F.2d at 495; see also Christopher v. Harbury, 536 U.S. 403, 414–15 (2002) (holding

that allegations of a government cover-up hampering the plaintiff's ability to seek relief in court

do not state a claim based on the constitutional right of access to courts when the plaintiff can

still seek relief in a future suit).

Procedural flaws in a hiring process do not impair substantive rights protected by the Due

Process Clause, because, as noted above, an individual who applies for a government position

and is not selected has no liberty or property interest in appointment to the position. Deficiencies

or misconduct in a federal agency's investigation or adjudication of an employee's EEO

complaint also do not impair any substantive rights, because failures in the administrative

process do not impair the complainant's substantive rights under Title VII. If the administrative

process fails, the complainant can go on to pursue her Title VII claims in district court.

Because none of the interests the plaintiff has asserted amounts to a liberty or property

interest protected by the Due Process Clause, the plaintiff's sixth cause of action, Compl.

¶¶ 57–62, should be dismissed.

##### 2.    Any Procedural Due Process Claims Against the Individual Defendants Would Be Barred by Qualified Immunity.

Furthermore, any due process claims that are based not on allegations of racial discrimination but instead on denial of access to proper procedures are barred by qualified immunity. A government official enjoys qualified immunity for acts that a reasonable officer would not recognize as violating the statutory or constitutional rights the plaintiff has invoked, even if those acts might violate other applicable laws, regulations, or policies, and even if the acts are driven by malice or self-interest. Accordingly, the plaintiff's sixth cause of action, Compl. ¶¶ 57–62, fails to state a claim upon which relief can be granted.

"[G]overnment officials performing discretionary functions[] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Under Saucier v. Katz, 533 U.S. 194 (2001), a court examining whether qualified immunity applies must first examine whether the alleged conduct violated a constitutional right, then, if the conduct did violate a constitutional right, must examine whether that right was clearly established. Id. at 201.

To the extent the plaintiff asserts violations of due process other than racial discrimination, her claims fail at the first step of the Saucier v. Katz analysis, and there is no need to proceed to the second step. As explained above, the plaintiff fails to state any constitutional violation based on any of the defendants' acts, because she had no liberty or property interest in the Associate General Counsel position, in adherence to proper procedures in the selection process, or in proper handling of her EEO complaint. See supra part II.C.1.

Furthermore, defendant Barreto cannot be held liable in his individual capacity, because the plaintiff does not allege sufficient personal participation by Barreto in the relevant events.

20

The only allegation against Barreto is that he "ratif[ied]" the appointment of the individual whom the SBA's Executive Resource Board (ERB) ultimately recommended for the selection of the Associate General Counsel position. Compl. ¶ 13. Barreto's alleged ratification of the ERB's recommendation is insufficient to render Barreto liable for alleged misconduct by other persons in the course of the preparation of that recommendation. See Int'l Action Ctr. v. United States, 365 F.3d 20, 28 (D.C. Cir. 2004) ("A supervisor who merely fails to detect and prevent a subordinate's misconduct . . . cannot be liable for that misconduct. 'The supervisor[] must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" (quoting Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir.1988) (alteration in original))).

    In any event, any due process claims based on denial of access to proper procedures would fail at the second step of the Saucier analysis as well, because the actions the plaintiff complains of are not the kind of actions that a reasonable officer in the position of any of the defendants would have recognized as a violation of constitutional due process rights.

    At this second step of the analysis, the court must examine whether a right was clearly established in the "specific context of the case, not as a broad general proposition," Saucier, 533 U.S. at 201. Qualified immunity can be denied only if the right violated was clearly established in a "particularized" sense. Anderson v. Creighton, 483 U.S. 635, 640 (1987). "The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202.[6] In addition, the second step

_____

[6]For example, in Brosseau v. Haugen, 543 U.S. 194 (2004) (per curiam), the Supreme Court determined that the situation in question was the officer's decision of "whether to shoot a disturbed felon, set on avoiding capture through vehicular flight, when persons in the immediate area are at risk from that flight." Id. at 200.

of the <u>Saucier</u> analysis is confined to the question of whether a reasonable officer in the defendant's position should have known that his actions would violate the particular right on which the plaintiff's claim is based. Statutes, regulations, internal policies, or other factors that might make an officer's conduct improper or blameworthy in some other way are not relevant to the analysis. <u>See</u> <u>Davis v. Scherer</u>, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision.")

Again, the only act that defendant Barreto is alleged to have performed is approving the appointment of the individual who was ultimately selected for the Associate General Counsel position. Approval of an appointment recommendation received from subordinates could hardly be recognized as a violation of due process. On the contrary, as explained above, established case law in fact holds that an unsuccessful applicant for a position has no constitutionally protected interest in the position she sought. <u>See</u> <u>supra</u> part II.C.1.

The alleged actions of the remaining defendants fall into two broad categories: First, the complaint alleges that some of the defendants took actions that tainted the selection process for the Associate General Counsel position and may have contravened civil service laws, regulations, policies, or practices. The complaint alleges that defendant Barrera wrote a memorandum misrepresenting the status of the Executive Resources Board's decisionmaking process, Compl. ¶¶ 14, 16, and that defendant Galvan "endorsed or sponsored" the supposedly misleading memorandum. ¶ 14. The complaint alleges that defendants Klein and Benderson improperly participated in the screening panel and the interview panel for the Associate General Counsel position. Compl. ¶¶ 18–19. It further alleges that Benderson should have been disqualified from participation in the selection process based on his personal friendship with the

person who was ultimately selected, and that he considered qualifications not advertised as requirements for the position. Compl. ¶ 19. Finally, the complaint alleges that defendant Ford "unduly favored the selectee" in the selection process. Compl. ¶ 20.

Even if any of these alleged actions in fact took place and were improper in some way, there was no basis in existing law by which an officer in the position of any of these defendants could have recognized his or her actions as a violation of the plaintiff's due process rights in particular. Due process does not protect an unsuccessful applicant's interest in the position she sought. See supra part II.C.1. And violations of civil service laws or regulations do not themselves amount to due process violations. See supra part II.C.1; see also Am. Fed'n of Gov't Employees, Local 446 v. Nicholson, 475 F.3d 341, 353 (D.C. Cir. 2007) ("[A] mere violation of law does not give rise to a due process claim.").

The second category of alleged actions consists of conduct that supposedly hampered the investigation and resolution of the plaintiff's EEO complaint or otherwise denied her an effective resolution of her complaint at the administrative level. The complaint alleges that defendants Galvan and Fortenberry denied the EEO investigator access to information and that defendant Javdan failed to cooperate with the EEO investigator. Compl. ¶¶ 15, 17. It alleges that Galvan, Javdan, and Fortenberry inaccurately informed the EEO investigator that the plaintiff's complaint had been settled. Compl. ¶¶ 15, 21. The complaint alleges that Fortenberry failed to take appropriate action in response to information suggesting the hiring process did not comply with applicable laws, regulations, and policies. Compl. ¶ 21. Finally, the complaint alleges that defendant Ford authorized issuance of the final agency decision (FAD) on the plaintiff's Title VII complaint. Compl. ¶ 20.

Again, even supposing for the sake of argument that any of these defendants acted

improperly and knew that his or her actions or failures to act were improper, none of these actions would be recognized by a reasonable officer in the position of any of the defendants as a violation of constitutional due process rights. The governing case law holds that anomalies in an investigation or adjudication of an administrative complaint do not raise due process concerns when they do not impair substantive rights. See supra part II.C.1; see also Whitacre v. Davey, 890 F.2d 1168, 1172–73 (D.C. Cir. 1989) (finding that a plaintiff challenging her demotion in connection with an office reorganization could not pursue due process claims against the EEO coordinator who reviewed her complaint based on the EEO coordinator's personal friendship with the person who assumed the plaintiff's former duties after the reorganization).

Thus, any due process claims apart from the plaintiff's claims of racial discrimination are barred by the doctrine of qualified immunity.

## III.    All Claims Against Defendant Klein Should Be Dismissed for Insufficiency of Service of Process.

All the claims against defendant Klein should be dismissed because the plaintiff has not served defendant Klein with a summons and copy of the complaint.

Federal officers sued in an individual capacity, like any other individual defendants, must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(i)(3); Simpkins v. D.C. Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997) (stating that defendants in Bivens actions must be served as individuals pursuant to Rule 4(e)); see also Fed. R. Civ. P. 4(i)(2)(B), 28 U.S.C. app. (Supp. V 2006) (amended Dec. 1, 2007) (prior version of current Rule 4(i)(3)).

Defendant Klein has not been served with a summons and a copy of the complaint as required by Rule 4(e). The claims against him should be dismissed under Rule 12(b)(5).

## <u>CONCLUSION</u>

For the reasons set forth above, the defendants respectfully request that the Court dismiss all of the plaintiff's claims against the individual defendants, her civil rights claims under 42 U.S.C. § 1985(3) (Third and Fourth Causes of Action, Compl. ¶¶ 39–50), and her claims under the Fifth Amendment (Fifth and Sixth Causes of Action, Compl. ¶¶ 51–62).

Dated: December 17, 2007

Of Counsel:

GARY FOX
Assistant General Counsel for Litigation

DAVID A. FISHMAN
Assistant General Counsel for Litigation
Office of General Counsel
U.S. Small Business Administration

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOSEPH W. LOBUE (D.C. Bar No. 293514)
Assistant Branch Director
Federal Programs Branch

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| YOLANDA SWIFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Civil Action No. 07-cv-1727 (ESH) |
| STEVEN C. PRESTON, Administrator, U.S. | ) | |
| Small Business Administration, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Insufficient Service of Process, or for Failure to State a Claim filed by Defendants Steven C. Preston, Administrator, U.S. Small Business Administration (SBA); Hector V. Barreto, Jr.; Michael L. Barrera; Stephen Galvan; David A. Javdan; Eric S. Benderson; John W. Klein; Delorice Ford; and Monique Fortenberry is hereby GRANTED.

The Third, Fourth, Fifth, and Sixth Causes of Action against defendant Steven C. Preston, Administrator, U.S. Small Business Administration, are DISMISSED.

All claims against defendants Hector V. Barreto, Jr.; Michael L. Barrera; Stephen Galvan; David A. Javdan; Eric S. Benderson; John W. Klein; Delorice Ford; and Monique Fortenberry are DISMISSED.

Dated:

_____
ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 17, 2007, I served the foregoing document on the following parties by first class mail, postage prepaid.

Yolanda Swift
34 V St NW
Washington DC 20001
(410) 499-2310
Plaintiff (Pro Se)


/s/ JAMES C. LUH
JAMES C. LUH