UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YOLANDA SWIFT, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 07-01727 (ESH) |
|  | ) |
| STEVEN C. PRESTON, Administrator, U.S. | ) |
| Small Business Administration, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an African-American attorney employed at the Office of General Counsel of the U.S. Small Business Administration ("SBA"), has filed a *pro se* complaint against the Administrator of the SBA and eight current or former SBA employees. In her complaint, she claims that all defendants discriminated against her on the basis of her race by denying her a promotion in 2005 to the job of Associate General Counsel for Financial Law and Lender Oversight (Count I); retaliated against her because of her protected activity (Count II); engaged in a civil rights conspiracy under 42 U.S.C. § 1985(3) to deny her the 2005 promotion by manipulating the federal merit system and other internal procedures and to delay and impede the EEO investigation of her claims (Counts III and IV);[1] and violated her constitutional rights by subjecting her to differential treatment in violation of the Equal Protection Clause and by manipulating the selection process and obstructing the EEO investigation in violation of the Due

---

[1] Plaintiff has incorrectly listed two of her counts as "Third Cause of Action" and two of her counts as "Fourth Cause of Action." The Court has renumbered the counts to reflect six causes of action.

Process Clause (Counts V and VI).

Defendants move to dismiss all counts and all defendants except for the two counts (Counts I and II) which were brought under Title VII, 42 U.S.C. § 2000e-16(c), against Steven Preston in his official capacity. Having considered the pleadings, the relevant law, and accepting all the factual allegations in plaintiff's complaint as true, the Court concludes that defendants' arguments are correct, and it will therefore dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) all defendants except Steven Preston, in his official capacity as Administrator of the SBA, and all counts except for those brought under Title VII.

First, it is black letter law that individual defendants cannot be sued under Title VII for acts of discrimination or retaliation. *See Davis v. Califano*, 613 F.2d 957, 958 n.1 (D.C. Cir. 1979) (the only proper defendant in a Title VII action brought by a federal employee is the head of the agency).

Second, under the Supreme Court's holding in *Brown v. Gen. Services. Admin.*, 425 U.S. 820, 835 (1976), Title VII is the "exclusive judicial remedy for claims of discrimination in federal employment." Therefore, given that the gravamen of plaintiff's complaint is her Title VII claims of racial discrimination based on the denial of a 2005 promotion and retaliation, she cannot convert her case into a civil rights conspiracy under § 1985(3), a *Bivens* action, or any other constitutional or statutory cause of action. *See Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983); *see also Great Am. Fed. Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979). In fact, contrary to her argument (*see* Pl.'s Opp'n at 16-17), the law is clear that when Title VII is the exclusive remedy, the law does not permit other actions against individual federal

employees for alleged constitutional or statutory violations.[2] *See Kizas*, 707 F.2d at 542 (citing *Gissen v. Tackman*, 537 F.2d 784 (3rd Cir. 1976) (en banc)). In this case, Title VII provides redress for plaintiff's claims; therefore, the causes of action in Counts III to VI are displaced, since they redress the "same basic injury" as an ordinary Title VII action. *Ethnic Employees of the Library of Congress v. Boorstin*, 751 F.2d 1405, 1415 (D.C. Cir. 1985). Similarly, plaintiff is precluded from raising claims against any of the individuals for interfering in the EEO investigatory process. *See Keeley v. Small*, 391 F.Supp. 2d 30, 45 (D.D.C. 2005). *See also Trout v. Lehman*, No. 82-CV-2507, 1983 WL 578, at *1 (D.D.C. July 7, 1983) (in a case where plaintiff alleged defects in the investigation, the Court found that "a complaint about a procedural action rather than a condition of employment . . . . [is] not cognizable as a separate cause of action in a judicial proceeding brought under Title VII").

Finally, to the extent that plaintiff has raised nonconstitutional claims regarding defendants' failure to follow policies or procedures, they too must be dismissed for lack of subject matter jurisdiction because the Civil Service Reform Act, Pub. L. No. 95-454, 92 Stat. 1111 (1978), provides the exclusive statutory remedy for claims related to federal personnel decisions. *See Harrison v. Bowen*, 815 F.2d 1505, 1516-17 (D.C. Cir. 1987); *Carducci v. Regan*, 714 F.2d 171, 175 (D.C. Cir. 1983). Therefore, all statutory and constitutional claims alleged in Counts III-VI must be dismissed even if they are intended to assert claims unconnected with plaintiff's Title VII claims. *See Bush v. Lucas*, 462 U.S. 367, 368 (1983); *Spagnola v. Mathis*, 809 F.2d 16, 30 (D.C. Cir. 1986), *vacated in part on other grounds*, 809 F.2d 15 (D.C. Cir. 1987)

---

[2]Even in her opposition (*see* Pl.'s Opp'n at 17), plaintiff recognizes that her "complaint regarding improper personnel practices arises out of and relates to a discrimination complaint."

(CSRA administrative scheme precludes a civil rights conspiracy claim under § 1985).

Accordingly, defendants' motion [#6] is granted; Counts III-VI are dismissed; and all defendants are dismissed except Steven Preston, who has been sued in his official capacity. An initial scheduling conference is hereby set for March 14, 2008, at 1:45 p.m.

                                                      /s/
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

DATE: February 15, 2008