UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA SWIFT, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>STEVEN C. PRESTON, Administrator, U.S. )<br>Small Business Administration, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 07-cv-1727 (ESH) |

## ANSWER

Defendant Steven C. Preston, in his official capacity as Administrator of the U.S. Small Business Administration, hereby answers plaintiff's complaint as follows:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over some or all of the claims in the complaint.

### SECOND DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are untimely and therefore barred by the statute of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred by her failure to timely pursue administrative remedies.

### FIFTH DEFENSE

Defendant responds to the individually designated paragraphs of the Complaint as follows:

## **RESPONSE TO ALLEGATIONS IN THE COMPLAINT**[1]

A–C.   These paragraphs state plaintiff's characterization of this lawsuit and provisions of the U.S. Code and the U.S. Constitution, not allegations of fact, so no response is required, but insofar as an answer may be deemed required, the allegations in these paragraphs are denied.

D.   The first four sentences are admitted. The fifth sentence is denied, and Defendant affirmatively avers that plaintiff's claims against Hector V. Barreto, Jr., have been dismissed. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the sixth sentence except to admit that Michael L. Barrera is Hispanic, was the Ombudsman for the SBA for some period of time, and was Chairman of the Executive Resources Board (ERB) from July 2004 to a later date not presently known. The seventh sentence is denied, and Defendant affirmatively avers that plaintiff's claims against Michael L. Barrera have been dismissed. The eighth sentence is denied except to admit that Stephen Galvan is Hispanic and was Chief Operating Officer and Chief of Staff for the SBA from 2004 to 2007. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the ninth sentence except to admit that Galvan was a member of the ERB from some time in July 2004 to a later date not presently known. The tenth sentence is denied, and Defendant affirmatively avers that the plaintiff's claims against Stephen Galvan have been dismissed. The eleventh sentence is denied except to admit that David A. Javdan was the General Counsel for SBA from June 2002 until February 2006 and that Javdan was a member of the ERB from some time in July 2004 until a later date not presently known. The twelfth sentence is denied, and Defendant affirmatively avers that plaintiff's claims against David A. Javdan have been dismissed. The

---

[1]Defendant notes that several counts of the Complaint have been dismissed, and that several individuals referred to throughout the Complaint with the label "Defendant" have been dismissed from the action.

thirteenth sentence is admitted. The fourteenth sentence is denied, and Defendant affirmatively avers that plaintiff's claims against Eric S. Benderson have been dismissed. The fifteenth sentence is admitted. The sixteenth sentence is denied, and Defendant affirmatively avers that plaintiff's claims against John W. Klein have been dismissed. The seventeenth sentence is denied, except to admit that Delorice Ford is African American, is the Assistant Administrator for Hearings and Appeals, was a member of the interview panel for the position that is the subject of this lawsuit, and upon information and belief was the Acting Assistant Administrator for Equal Employment and Civil Rights Compliance from June 2005 to July 2007. The eighteenth sentence is denied, and Defendant affirmatively avers that plaintiff's claims against Delorice Ford have been dismissed. The nineteenth sentence is admitted. The twentieth sentence is denied, and Defendant affirmatively avers that plaintiff's claims against Monique Fortenberry have been dismissed.

  E. Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

  (Jurisdiction and Venue.) This unnumbered paragraph contains plaintiff's conclusions of law regarding jurisdiction and venue, so no response is required, but insofar as an answer may be deemed required, the allegations are denied, and Defendant affirmatively avers that plaintiff's claims against the individually named defendants have been dismissed.

  1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the first sentence, except to admit that the plaintiff is an African American female attorney. Defendant lacks knowledge or information sufficient to form a belief about the truth of the second sentence. Defendant lacks knowledge or information sufficient to form a belief about the truth of the third sentence except to deny that the plaintiff was hired as an Attorney Advisor

and to admit that the plaintiff was hired into a GS-15 level position at SBA in November 1998.

2.   Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

3.   The first sentence is denied except to admit that plaintiff was Acting Associate Deputy General Counsel for Financial Law and Lender Oversight in the SBA Office of General Counsel from 2000 to April 2003. The second sentence is denied except to admit that while plaintiff was Acting Associate Deputy General Counsel for Financial Law and Lender Oversight, she oversaw the attorneys who would have fallen under the management of a permanent Associate Deputy General Counsel for Financial Law and Lender Oversight under the organizational scheme in place at the time. The third sentence is denied.

4.   The first sentence is denied except to admit that Javdan conducted a reorganization of the Office of General Counsel in April 2003. The second and third sentences are admitted. The fourth sentence is denied except to admit that plaintiff's management and other responsibilities were changed by the reorganization. The fifth sentence is denied except to admit that Javdan stated that various attorneys would be permitted to rotate in the Acting Associate General Counsel for Financial Law and Lender Oversight position and that one of the stated justifications for the rotation was to permit multiple attorneys to serve in the acting position. The sixth sentence is denied except to admit that the Acting Associate General Counsel for General Law position was not placed in rotation at the same time and that the Caucasian attorney who occupied that position was not removed. The seventh sentence is admitted. The eighth sentence is denied.

5.   The first sentence is admitted. The second sentence is denied except to admit that Plaintiff was deemed qualified. The third sentence is denied except to admit that the plaintiff was

among the candidates whom the screening panel, consisting of Klein, Benderson, and a third individual, recommended for further consideration. The fourth sentence is admitted. The fifth sentence is denied except to admit that Klein and Benderson were placed on the interview panel as well as the screening panel. The sixth sentence is denied except to admit that Benderson and the selectee have socialized outside work only on rare occasions. The seventh sentence is denied except to admit that Ford had been involved in the disputed personnel action. The eighth sentence is denied.

    6.[2]    The first sentence is denied. The second sentence is denied except to admit that some attorneys were promoted in 2002 based on recommendations by the plaintiff and other supervisors. The third sentence is denied.

    7.    The first sentence is admitted. The second sentence is denied except to admit that several qualified candidates, including African American candidates, have applied for nonpolitical SES positions and GS-15 level positions and not been selected.

    8.    Upon information and belief, this paragraph is admitted.

    9.    The first sentence is denied except to admit that a Caucasian female, Nina Levine, was selected for the Associate General Counsel for Financial Law and Lender Oversight position, and the selection became effective in January 2005. The second sentence is denied. The third sentence is denied except to admit, upon information and belief, that the plaintiff received the highest available performance ratings during the entire period of time she has been employed at the SBA.

---

[2]This paragraph responds to the corresponding paragraph in the complaint as amended by the plaintiff's December 12, 2007, Notice of Correction (dkt. no. 5). In the Notice of Correction, the plaintiff amended paragraph 6 of the Complaint so that a personnel decision and a meeting previously alleged to have occurred in 2006 are now alleged to have occurred in 2004. Notice of Correction at 1.

10. Denied except to admit that on July 22, 2005, plaintiff filed a complaint of discrimination with the EEO and CRC alleging unlawful employment discrimination on the basis of race and retaliation.

11. Admitted.

12. The first sentence is admitted. The second sentence is denied.

13. This paragraph contains plaintiff's characterizations of a Report of Investigation, which speaks for itself, and accordingly no answer is required, but insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the cited document for a complete and accurate statement of its contents.

14. The first sentence contains plaintiff's characterization of a memorandum from Barrera to Administrator Barreto through Galvan, which speaks for itself, and accordingly no answer is required, but insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the cited memorandum for a complete and accurate statement of its contents. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences.

15. Denied.

16. This paragraph contains plaintiff's characterizations of a memorandum from Barrera to Administrator Barreto, which speaks for itself, and accordingly no response is required; insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the cited document for a complete and accurate statement of its contents.

17. The first sentence is denied. The second sentence contains plaintiff's characterizations of a Report of Investigation, which speaks for itself, and accordingly no answer

6

is required, but insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the cited document for a complete and accurate statement of its contents.

18. Denied except to admit that Klein sat on the application screening panel and the interview panel for the Associate General Counsel for Financial Law and Lender Oversight position.

19. The first sentence is denied except to admit that Benderson sat on the application screening panel and the interview panel for the Associate General Counsel for Financial Law and Lender Oversight position. The second sentence is denied. The third sentence is denied.

20. The first sentence is denied. The second sentence is denied except to admit that Ford had been involved in the disputed personnel action.

21. Denied.

22. The first sentence is admitted. The second sentence is denied except to admit that the decision was issued by SBA's EEO and CRC on June 25, 2007. Defendant lacks knowledge or information sufficient to form a belief about the truth of the third sentence.

23. The first sentence is admitted. The rest of this paragraph states plaintiff's conclusions of law, so no response is required, but insofar as an answer may be deemed required, the allegations are denied, and Defendant avers that plaintiff's Bivens and civil rights conspiracy claims have been dismissed.

24. This paragraph states plaintiff's conclusions of law, not allegations of fact, so no response is required, but insofar as an answer may be deemed required, Defendant avers that plaintiff's Bivens claims have been dismissed.

25. Defendant restates his responses to paragraphs 1 through 24.

7

26. The first sentence is admitted. The second sentence is denied except to admit that plaintiff was interviewed for the position and was then rated "well qualified."

27. The first sentence is admitted. The second sentence is denied except to admit that a white female employee was selected and the selection became effective in January 2005.

28–30. Denied.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that the plaintiff does not hold a Senior Executive Service (SES) position.

32. Defendant restates his responses to paragraphs 1 through 31.

33. The first sentence is denied except to admit that the plaintiff is an African American female and that she applied for the position of Associate General Counsel for Financial Law and Lender Oversight. The second sentence is denied except to admit that plaintiff was interviewed for the position and was then rated "well qualified."

34. The first sentence is admitted. The second sentence is denied except to admit that a white female employee was selected.

35–37. Denied.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that the plaintiff does not hold a Senior Executive Service (SES) position.

39–62. These paragraphs pertain exclusively to causes of action that have been dismissed by the Court, so no response is required.

Defendant denies all allegations in plaintiff's complaint which Defendant has not otherwise answered herein. In addition, Defendant denies that plaintiff is entitled to the relief

sought in the prayer for relief or to any relief whatsoever.

Wherefore, Defendant respectfully requests that this Court enter judgment dismissing this action with prejudice and awarding defendant costs and such other relief as the Court may deem appropriate.

Dated: March 3, 2008                                             Respectfully submitted,

                                                                                         JEFFREY S. BUCHOLTZ
Of Counsel:                                                             Acting Assistant Attorney General

GARY FOX                                                              JEFFREY A. TAYLOR
Assistant General Counsel for Litigation             United States Attorney

DAVID A. FISHMAN                                             JOSEPH W. LOBUE (D.C. Bar No. 293514)
Assistant General Counsel for Litigation             Assistant Branch Director
Office of General Counsel                                    Federal Programs Branch
U.S. Small Business Administration

                                                                                         /s/ JAMES C. LUH
                                                                                         JAMES C. LUH
                                                                                         Trial Attorney
                                                                                         United States Department of Justice
                                                                                         Civil Division, Federal Programs Branch
                                                                                         20 Massachusetts Ave NW
                                                                                         Washington DC 20530
                                                                                         Tel: (202) 514-4938
                                                                                         Fax: (202) 616-8460
                                                                                         E-mail: James.Luh@usdoj.gov
                                                                                         Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I certify that on March 3, 2008, I served the foregoing document on the following parties by first class mail, postage prepaid.

Yolanda Swift
34 V St NW
Washington DC 20001
(410) 499-2310
Plaintiff (Pro Se)

                                              /s/ JAMES C. LUH
                                              JAMES C. LUH