UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA SWIFT, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>STEVEN C. PRESTON, Administrator, )<br>    U.S. Small Business Administration, )<br>)<br>Defendant )<br>) | Civil Action No. 07-1727 (ESH) |

## PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3

The parties held a teleconference on April 2, 2008 to discuss the issues set forth in LCvR 16.3(c) and Rule 26(f) of the Federal Rules of Civil Procedure. This Report contains the parties' statements of the case and positions on Rule 16.3 and Rule 26(f) matters, and a proposed Scheduling Order is hereby submitted.

**Plaintiff's Statement of the Case**

This is an action under Title VII of the Civil Rights Act. Plaintiff alleges that during her employment at the Small Business Administration (SBA), she experienced race discrimination (plaintiff is African-American) and retaliation. Plaintiff has worked in the Office of General Counsel (OGC) at the SBA since November 1998. For several years, from March 2000 to April 2003, plaintiff successfully served as Acting Deputy Associate General Counsel for Financial Law and Lender Oversight in the OGC. Starting in 2002, Plaintiff has repeatedly complained about racial bias in the SBA's attorney promotion practices. In April 2003, OGC was reorganized and plaintiff's job duties – under a different title – were taken away from her and rotated among other SBA attorneys. At the same time, a white employee serving in a

comparable Acting position was permitted to continue in an Acting capacity, with no rotation of her duties or the position. In September 2004, plaintiff's former position was advertised as Associate General Counsel for Financial Law and Lender Oversight, and plaintiff applied. Plaintiff was interviewed for the position, but in January 2005, plaintiff learned that a white employee had been selected.

Defendant denies plaintiff's allegations.

**Defendant's Statement of the Case**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 alleging discrimination in the U.S. Small Business Administration (SBA)'s selection of an Associate General Counsel for Financial Law and Lender Oversight (Vacancy Announcement No. SBA-SES-04-06), which resulted in an appointment that became effective in January 2005. Plaintiff claims that this selection was made on the basis of her race and retaliation for comments that she alleges she made in a February 2004 meeting with David Javdan, who at the time was General Counsel of the SBA.

Defendant maintains that the decision involved neither discrimination nor retaliation and was based on legitimate nondiscriminatory reasons, specifically, the qualifications and interview of the candidate who was selected for the position. Defendant has also raised other defenses in his answer.

Defendant maintains that the claims and factual issues to be resolved in this case are confined to those delineated by the parties' pleadings and the Court's February 15, 2008, order dismissing certain parties and claims. Defendant does not consent to any expansion or modification of the issues that may be suggested in the plaintiff's statement of the case above.

**Rule 16.3 Issues**

2

1. **Joinder of Parties and Amendment of Pleadings:** The parties do not anticipate the joinder of any additional parties to this action and do not anticipate further amendment of the pleadings. The parties propose that any such joinder or amendment be completed no later than 14 days after the Court's scheduling order.

2. **Magistrate Judge:** The parties consent to the assignment of discovery matters and nondispositive motions to a Magistrate Judge.

3. **Settlement:** The prospect of settlement at this stage is not clear.

4. **ADR:** The parties are amenable to having the Court refer the case to mediation, either private or court appointed, but believe that it would be appropriate to allow the parties to engage in some discovery prior to referral.

5. **Initial Disclosures:** The plaintiff wishes to dispense with the initial disclosures required by Rule 26(a)(1), but the defendant believes it is appropriate to proceed with initial disclosures. The parties request that the deadline for initial disclosures be extended to May 15, 2008.

6. **Dispositive Motions:** Plaintiff believes that there are no procedural barriers and that there will be material factual issues in dispute that must be resolved by a jury, and therefore that the case is not likely to be resolved by dispositive motion. Defendant intends to file a motion for summary judgment on the plaintiff's remaining claims and expects that the case will be resolved on that motion. The parties agree however, that, should any dispositive motion be filed in this action, it should be filed no later than November 14, 2008; opposition papers should be filed no later than 30 days after the filing of such a motion; and reply papers should be filed no later than 15 days from the filing of any opposition papers, with the proviso that the period from December 16, 2008, to January 4, 2009, should not be counted in the computation of

the due date for a reply memorandum.

7. **Factual Discovery:** Factual discovery should be completed no later than October 15, 2008. Defendant intends to seek a protective order if plaintiff seeks records that may be protected under the Privacy Act or otherwise implicate the privacy interests of present or former government employees or applicants for employment.

8. **Expert Discovery:** The parties' initial expert disclosures shall be made no later than August 15, 2008, and rebuttal disclosures shall be made no later than September 15, 2008. All expert discovery, including depositions, shall be completed by October 15, 2008.

9. **Rule 23 Matters:** Not applicable.

10. **Bifurcation:** Both parties agree that this case should not be bifurcated.

11. **Pretrial Conference:** To be scheduled at the earliest date consistent with the schedule described above. The parties agree that no pretrial conference should be set before the resolution of the defendant's motion for summary judgment.

12. **Trial Date:** To be scheduled at the earliest date consistent with the schedule described above.

13. **Other:** The parties have discussed the obligation to preserve all potentially relevant records, including electronic records, during the pendency of this action. Neither party seeks any change to the limits on discovery imposed under the Rules.

Dated: April 11, 2008

/s/ _JS Ch_
James C. Luh
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530

/s/ Tammany M. Kramer by J. Luh with permission
Tammany M. Kramer (483146)
Richard A. Salzman (422497)
Heller, Huron, Chertkof, Lerner, Simon &
Salzman, PLLC
1730 M Street, NW, Suite 412
Washington, DC 20036

Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorney for Defendant

(202) 293-8090
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA SWIFT, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>STEVEN C. PRESTON, Administrator, )<br>U.S. Small Business Administration, )<br>)<br>Defendant ) | Civil Action No. 07-1727 (ESH) |

**ORDER**

UPON CONSIDERATION of the parties' Statement Pursuant to Local Rule 16.3 and for good cause shown, it is this _____ day of _____, 2008, hereby ORDERED that

1. The parties shall make disclosures under Rule 26(a)(1) by May 15, 2008;

2. Any joinder of additional parties or amendment of the pleadings shall be completed within 14 days of this order;

3. Factual discovery shall close on October 15, 2008;

4. The parties' initial expert disclosures shall be due August 15, 2008; rebuttal disclosures shall be due September 15, 2008; and expert discovery, including any depositions, shall be completed by October 15, 2008

5. Dispositive motions shall be filed no later than November 14, 2008; oppositions shall be filed no later than 30 days after the filing of any dispositive motion; and replies shall be filed no later than 15 days after the filing of any opposition, with the proviso that the period from December 16, 2008, to January 4, 2009, shall not be counted in the computation of the due date for a reply memorandum; and

6. The pretrial conference and the trial date will be set by the Court after the disposition of the defendant's motion for summary judgment.

2

_____
UNITED STATES DISTRICT JUDGE

**Copies to:**

James C. Luh, Trial Attorney
U.S. Dept. of Justice, Civil Division
20 Massachusetts Ave NW
Washington, DC 20530
*Counsel for defendant*

Tammany M. Kramer
Richard A. Salzman
HELLER, HURON, CHERTKOF,
LERNER, SIMON & SALZMAN, PLLC
1730 M St., N.W., Suite 412
Washington, D.C. 20036
*Counsel for plaintiff*