# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA SWIFT, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Civil Action No. 07-cv-1727 (ESH/JMF) |
| STEVEN C. PRESTON, Administrator, U.S. | ) |
| Small Business Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MOTION FOR PRIVACY ACT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11), defendant respectfully moves this Court to enter an order permitting the disclosure in this case of records, documents, or information that may be protected by the Privacy Act and limiting further dissemination of such records by plaintiff. A memorandum of points and authorities and a proposed Privacy Act Protective Order and Acknowledgment of Privacy Act Protective Order are submitted herewith.

Defendant has conferred with the plaintiff, and the plaintiff has indicated that she opposes entry of an order in the form Defendant proposes. The parties reached agreement on several aspects of the proposed order but did not reach agreement on two issues, specifically, the details of a proposed provision pertaining to the resolution of disputes concerning the designation of protected information, and a proposed requirement that third parties receiving protected information sign an Acknowledgment of Privacy Act Protective Order and consent to the jurisdiction of the Court. Defendant's position on these issues is explained in greater detail in the attached memorandum of points and authorities.

2

Dated: June 12, 2008                                Respectfully submitted,

                                                    GREGORY G. KATSAS
Of Counsel:                                         Acting Assistant Attorney General

GARY FOX                                            JEFFREY A. TAYLOR
Assistant General Counsel for Litigation            United States Attorney

DAVID A. FISHMAN                                    JOSEPH W. LOBUE (D.C. Bar No. 293514)
Assistant General Counsel for Litigation            Assistant Branch Director
Office of General Counsel                           Federal Programs Branch
U.S. Small Business Administration

                                                    /s/ JAMES C. LUH
                                                    JAMES C. LUH
                                                    Trial Attorney
                                                    United States Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    20 Massachusetts Ave NW
                                                    Washington DC 20530
                                                    Tel: (202) 514-4938
                                                    Fax: (202) 616-8460
                                                    E-mail: James.Luh@usdoj.gov
                                                    Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA SWIFT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Civil Action No. 07-cv-1727 (ESH/JMF) |
| STEVEN C. PRESTON, Administrator, U.S. ) | |
| Small Business Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRIVACY ACT PROTECTIVE ORDER

### PRELIMINARY STATEMENT

In this action, plaintiff Yolanda Swift, an attorney employed at the U.S. Small Business Administration (SBA), alleges claims of unlawful discrimination based on race and retaliation under Title VII against defendant Steven C. Preston, in his official capacity as Administrator of the SBA. Because plaintiff seeks discovery of material that is subject to the requirements of the Privacy Act, 5 U.S.C. § 552a, defendant requests that the Court issue a Protective Order authorizing disclosure of Privacy Act records that are relevant to plaintiff's claims in this action subject to appropriate limitations on plaintiff's dissemination and use of those records.

The parties agree that disclosure of some Privacy Act–protected material may be appropriate in this case. Plaintiff does not oppose entry of a protective order; however, she seeks authority to disclose protected information to other individuals without obtaining a basic written assurance that the recipient has read and understands the requirements of the Protective Order. The lack of any such assurance would undermine the basic purposes of the Protective Order by failing to ensure that individuals who come into possession of this information fully understand

the requirement that it be kept confidential, thereby creating an unacceptable risk of unnecessary and improper disclosures of information protected by the Privacy Act.

Plaintiff also seeks to impose an obligation upon defendant to file a separate motion for protective order each time there is a dispute about a particular record. The purpose of the Protective Order at issue here is to facilitate discovery by avoiding precisely this type of repetitive litigation. Without a Protective Order, Defendant could simply serve an objection and withhold the records at issue unless and until Plaintiff seeks and obtains an order compelling discovery on a case-by-case basis. Through this Protective Order, Defendant is effectively giving up the right to object based on the disclosure restrictions in the Privacy Act and releasing the documents to Plaintiff subject to a Protective Order. Since Defendant will have released the records in question, Plaintiff will be well-positioned to articulate any claims she wishes to advance regarding the applicability of the Protective Order. Defendant should not be placed in the position of responding to challenges that Plaintiff herself has not chosen to pursue, and the Court should not be burdened with deciding such challenges.

**ARGUMENT**

**I.     Good Cause Supports Entry of the Proposed Privacy Act Protective Order.**

The Privacy Act of 1974, 5 U.S.C. § 552a, prohibits a government agency from disclosing certain records pertaining to an individual without the consent of that individual except under certain limited circumstances. See id. § 552a(b). In cases where opposing parties seek discovery of Privacy Act–protected information which is relevant to claims against the government, courts routinely issue protective orders to authorize the disclosure of such information by government agencies and to place appropriate limits on further disclosure and use of the information by opposing parties. See 5 U.S.C. § 552a(b)(11) (permitting disclosure of

Privacy Act–protected information "pursuant to the order of a court of competent jurisdiction"); Fed. R. Civ. P. 26(c) (authorizing issuance of a protective order "for good cause"); In re Sealed Case (Medical Records), 381 F.3d 1205, 1215 (D.C. Cir. 2004) ("[C]ourts have long 'recognized that interests in privacy may call for a measure of extra protection' . . . ." (quoting Fed. R. Civ. P. 26(b) advisory committee's note)); Laxalt v. McClatchy, 809 F.2d 885, 888–89 (D.C. Cir. 1987) (explaining that a court may order disclosure of Privacy Act–protected information and may impose measures to limit dissemination of the information disclosed); Lohrenz v. Donnelly, 187 F.R.D. 1, 8–9 (D.D.C. 1999) (Lamberth, J.).

Plaintiff has already served discovery requests on the defendant seeking records and information that may be protected by the Privacy Act, including materials contained in personnel files of SBA employees other than the plaintiff, information pertaining to the employment histories of SBA employees, and other information and materials provided to the SBA in connection with applications for federal employment. To the extent that Plaintiff seeks information that is relevant and otherwise subject to discovery, entry of the proposed Privacy Act protective order would facilitate discovery by enabling Defendant to disclose the records pursuant to 5 U.S.C. § 552a(b)(11) and, at the same time, protecting the privacy interests of the individuals who are the subject of the records by limiting further dissemination of Privacy Act–protected information.[1]

---

[1] Defendant does not otherwise concede the propriety of any of the Plaintiff's present or future discovery requests. In addition, Defendant does not waive any other objections to those requests and reserves the right to object to the plaintiff's discovery requests or to seek modification of the protective order or a further protective order on any appropriate grounds, including privacy-related grounds other than the Privacy Act's direct prohibition of disclosure.

**II.    The Proposed Order Appropriately Requires Third Parties Receiving Protected Information to Sign an Acknowledgment of the Court's Order.**

The proposed Protective Order requires that, before disclosing protected information to a third party, Plaintiff's counsel provide a copy of the Protective Order to that third party and obtain a written acknowledgment of the requirements of the Protective Order. See [Proposed] Privacy Act Protective Order ¶ 6; [Proposed] Acknowledgment of Privacy Act Protective Order. Plaintiff opposes that requirement.

Third parties cannot be expected to comply with the terms of a court order if they are not given notice of their legal obligations under the order and the possible consequences of noncompliance. A requirement that third parties sign a document to indicate that they are aware of and agree to comply with the terms of a protective order is a minimal burden which is plainly justified given the unwarranted invasion of the personal privacy of third parties that would result from improper use and disclosure of protected information.  In addition, in any proceedings to enforce the terms of the protective order against third parties who had received protected information, a written acknowledgment would assist the Court in evaluating any claims by such third parties that they had not been informed of the terms of the protective order. In most circumstances, requiring a signed acknowledgment will strike an appropriate balance between the plaintiff's interest in obtaining relevant information and the interests of the government and private individuals whose personal information is contained within protected materials. Plaintiff has not identified any unusual circumstances suggesting that obtaining signed acknowledgments from third parties would be unusually onerous.

### III. The Proposed Protective Order Provides An Adequate Means For Plaintiff to Challenge Defendant's Designation of Protected Information

Paragraph 5 of the proposed Protective Order provides Plaintiff an express right to object to Defendant's designation of any material as protected and, if the matter cannot be resolved by the parties, to file and serve a motion with the Court challenging the designation of the material as protected. Thus, the order provides adequate means for Plaintiff to seek redress if material is improperly designated as protected. Nonetheless, Plaintiff objects to this provision, arguing that Defendants should be required to file a new motion for protective order each time Plaintiff objects to the designation of a particular record even if Plaintiff does not affirmatively seek review of the designation by the Court.

A central purpose of Defendant's motion for a protective order is to facilitate discovery by allowing disclosure of Privacy Act–protected material without the need for repetitive litigation each time a discovery request is submitted. In the absence of a Protective Order, Defendant would simply object to requests for discovery insofar as they seek information protected by the Privacy Act and withhold the information. In that event, Plaintiff could obtain access to protected information if and only if she first secured an order from the Court compelling disclosure of the information. The purpose of the Protective Order is to facilitate discovery by allowing disclosure to Plaintiff of protected information that is relevant to Plaintiff's claims without the need for a case-by-case adjudication of the applicability of the Privacy Act prior to the disclosure, a procedure which provides Plaintiff more prompt access to the information and avoids unnecessary litigation regarding each disclosure.

Plaintiff's proposal would undermine this purpose and increase the number of disputes submitted to this Court for resolution by forcing Defendant to seek a judicial affirmation of its

- 6 -

determination that information falls within the scope of the Protective Order even in the absence of any challenge by Plaintiff in the Court. In effect, the proposal would presumptively treat information as unprotected at Plaintiff's option except when Defendant files what amounts to a renewed motion for protective order. With that type of emasculated "Protective Order," Defendant's interests and the interests of those whose privacy is at stake would be far better served if Defendant simply objects to release of the information and withholds that information until the Court has an opportunity to adjudicate the issue.

Plaintiff has not shown any reason to believe that Defendant will designate material as protected for any improper purpose and, in any event, Defendants' proposed order will adequately protect Plaintiff against such abusive tactics.

## CONCLUSION

For the reasons above, Defendant respectfully requests that the Court enter Defendant's proposed Privacy Act Protective Order.

| | |
|---|---|
| Dated: June 12, 2008 | Respectfully submitted, |
| | GREGORY G. KATSAS |
| Of Counsel: | Acting Assistant Attorney General |
| GARY FOX | JEFFREY A. TAYLOR |
| Assistant General Counsel for Litigation | United States Attorney |
| DAVID A. FISHMAN | JOSEPH W. LOBUE (D.C. Bar No. 293514) |
| Assistant General Counsel for Litigation | Assistant Branch Director |
| Office of General Counsel | Federal Programs Branch |
| U.S. Small Business Administration | |

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YOLANDA SWIFT, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Civil Action No. 07-cv-1727 (ESH/JMF) |
| STEVEN C. PRESTON, Administrator, U.S. | ) |
| Small Business Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PRIVACY ACT PROTECTIVE ORDER

Defendant Steven C. Preston, Administrator, U.S. Small Business Administration (SBA), has moved, pursuant to Rule 26(c), Fed. R. Civ. P., for entry of a protective order governing the disclosure and use of records and information subject to the Privacy Act of 1974, 5 U.S.C. § 552a, or otherwise implicating the privacy interests of present or former employees of the SBA or applicants for employment. Upon consideration of Defendant's motion and Plaintiff's consent thereto, it is hereby ORDERED that Defendant's motion is GRANTED, and it is FURTHER ORDERED that:

1.  Subject to the requirements of this Order, Defendant Steven C. Preston, Administrator, U.S. Small Business Administration, is authorized to release government records, documents and other information, including computerized or electronic information, that are relevant to the claims or defenses of any party to this action within the meaning of Rule 26(b), Fed. R. Civ. P., and are protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, or contain information the disclosure of which might otherwise intrude upon the privacy interests of present or former SBA employees or applicants for employment without obtaining the prior written consent of the individuals to whom such records or information pertain.

2.  Those documents that defendant identifies as containing information subject to Paragraph 1 above are hereinafter referred to as "Covered Documents." All information derived from Covered Documents, even if incorporated in another document or compilation or referred to in testimony, is hereinafter referred to as "Covered Information." Document summaries, statistical compilations, or other summaries of Covered Documents or Covered Information that do not contain information by which specific individuals can be identified (whether by name, social security number, symbol, description or other form of personal identification) are not covered by this Protective Order.

3.  Covered Documents and Covered Information may be used only for the purposes of this action. All Covered Documents and all copies thereof must be returned to Defendant care of Office of Litigation; U.S. Small Business Administration; 409 Third Street, SW; Washington, DC 20416; or destroyed by plaintiff's counsel within 60 days after final judgment in this action. The term "final judgment" as used herein shall mean the entry of a judgment or dismissal that is final and not appealable. Any pleadings or other court filings created or filed by plaintiff or her counsel that contain Covered Information and are retained by plaintiff, or by her counsel as part of their litigation files, remain subject to the terms of this Protective Order. Any other documents created by plaintiff or her counsel, or anyone working with them or on their behalf, that contain Covered Information must be destroyed by plaintiff's counsel or returned within 60 days after final judgment in this action. Plaintiff's counsel will certify to defendant's counsel in writing within 60 days after final judgment in this action that such documents have been returned or destroyed.

4.  Covered Documents shall be marked by defendant prior to production as "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE

ORDER," or contain a similar marking. For any Covered Documents, such as computer data, whose medium makes such stamping impracticable, the diskette case and any accompanying paper or e-mail cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. Any portion of answers to interrogatories by defendant, if any, that contain protected information derived from records subject to the Privacy Act also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. Except as provided in paragraph 6 below, no person who obtains access to Covered Documents or Covered Information shall disclose those records or that information without further order of the Court.  By designating material as protected hereunder, defendant represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are protected by the Privacy Act.

5. Within 30 days of receipt, plaintiff may object, in writing, to the designation of any material as "protected."  In the event of any such objection, counsel for the parties shall confer within 10 days of the receipt of the objection.  If the parties are unable to resolve the dispute, plaintiff may file and serve a motion with the court challenging defendant's designation of the disputed material as "protected."  If plaintiff files any such motion, the disputed material shall remain "protected" until the court has ruled on the motion.

6. Plaintiff's counsel may only disclose Covered Documents and Covered Information to (a) the Court and its personnel, including court reporters; (b) the attorneys of record for the parties and persons regularly in the employ of such attorneys who have a need for Covered Documents or Covered Information in the performance of their duties in connection with this action; (c) the plaintiff; (d) employees of defendant; (e) experts or other consultants

retained by any party to the above-captioned matter and only if necessary for their expert opinion and/or testimony in this action; (f) any potential witness or witness at deposition, but only to the extent necessary to provide a foundation for or elicit discoverable testimony or other evidence; and (g) outside contractors hired to copy, image, sort, or otherwise manage the storage or retrieval of case materials in this action. Any disclosure by plaintiff or her counsel and anyone working with them or on their behalf shall be made only for litigation purposes related to this action.

7. Any person listed in paragraph 6 (except the Court and its personnel, including court reporters, defendant's employees, and the parties' counsel) to whom disclosure of Covered Documents or Covered Information is to be made must sign the Acknowledgment of Privacy Act Protective Order attached hereto before disclosure.

8. The plaintiff and her counsel shall not disclose Covered Documents or Covered Information to any persons except those enumerated in paragraph 6 without obtaining the prior express written approval of counsel for defendant. If counsel for defendant does not consent to disclosure, then plaintiff may, on motion, seek modification of this Order by the Court.

9. All individuals to whom Covered Documents and Covered Information are disclosed by plaintiff or her counsel shall return any and all records and copies thereof in their custody, possession, or control to plaintiff's counsel upon final judgment in this action, or when they are no longer participating in, or assigned or retained to work on, this case, whichever comes earlier.

10. Those portions of any filings with the Court that include Covered Documents or Covered Information shall be filed under seal. Those portions of any depositions in which any such information is revealed shall be placed under seal.

11. The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's assertion that the materials are covered by this Order.

12. Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

13. This Order does not constitute a ruling on the question of whether any particular record or information is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any record or information, other than objections that the information may not be disclosed under the Privacy Act.

14. Nothing in this Order shall be construed as limiting the right of either party to introduce Covered Documents or Covered Information into evidence at trial, subject to the Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate.

Dated:

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA SWIFT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Civil Action No. 07-cv-1727 (ESH/JMF) |
| STEVEN C. PRESTON, Administrator, U.S. ) | |
| Small Business Administration, ) | |
| ) | |
| Defendant. ) | |

**ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER**

I, _____, hereby acknowledge that:

1.  I have read and understand the Privacy Act Protective Order (the "Order") entered in this action, and hereby agree to be bound by the terms of the Order.

2.  I agree that I will use records and information protected by the Order only for purposes of this action, and not for any other purpose of any kind.

3.  I agree that I will not disclose any documents or information protected by the Order to anyone except as expressly permitted by the Order or by further order of the court.

4.  I agree that records and information and all copies thereof protected by the Order will be returned to plaintiff's counsel after final judgment in this action (as defined by the Order) or when I am no longer participating in, or assigned or retained to work on, this case, whichever comes earlier, so that the records and information may be returned to counsel for defendant or destroyed by plaintiff's counsel within 60 days after final judgment in this action.

2

5.  I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and shall be binding upon me unless and until they are modified by further order of the Court.

6.  I hereby consent to the personal jurisdiction for the United States District Court for the District of Columbia for the purpose of enforcement of the Order.

Dated:_____                   _____

                                                [signature]


                                                _____

                                                [print name]