UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| YOLANDA SWIFT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1727 (ESH/JMF) |
| | ) | |
| STEVEN C. PRESTON, Administrator, | ) | |
| U.S. Small Business Administration, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**PLAINTIFF'S PARTIAL OPPOSITION TO
DEFENDANT'S MOTION FOR A PRIVACY ACT PROTECTIVE ORDER**

**INTRODUCTION**

Plaintiff Yolanda Swift brings her discrimination and retaliation claims against the Small Business Administration (SBA) for its race-based refusal to promote her to a position in which she had successfully served in an Acting capacity for several years. Plaintiff is an African American attorney in the SBA's Office of General Counsel (OGC), and prior to being denied promotion to the position of Associate General Counsel for Financial Law and Lender Oversight in favor of a lesser-qualified white employee, plaintiff had repeatedly objected to race-based hiring and promotion practices that discriminated against African-American employees in the OGC.

Plaintiff filed her Complaint on September 27, 2007 and served her discovery requests on defendant on April 24; on May 20 the defendant proposed a Privacy Act protective order. Although the parties conferred, they could not reach complete agreement. Plaintiff consents to

the majority of defendant's proposed Privacy Act order, but there are three points on which the parties disagree. In response to defendant's motion, plaintiff proposes the following alternatives.

First, in the event of a challenge to the designation of particular material as protected under the Privacy Act, defendant – as the designating party – should bear the burden of filing a motion with the court seeking protection. Second, once a motion is before the court, the burden of proving that material designated as protected under the Privacy Act should fall to the party designating the material. Third, non-party witnesses should not be required to sign any forms in connection with this order, but they should be informed of the fact that protected material is confidential and subject to a non-disclosure order of the court.

A Privacy Act protective order is undoubtedly a necessary and useful tool in protecting individuals' private information. However, these considerations must be viewed in the context of the litigation discovery process. Plaintiff's proposed order more carefully weighs these two sets of concerns and reaches an appropriate balance.

## ARGUMENT

1. <u>In the event of a challenge to a Privacy Act designation, defendant – as the designating party – should bear the burden of filing a motion with the court seeking protection.</u>

The parties agree that if there is a challenge to the designation of particular material as protected under the Privacy Act order, they will first attempt to resolve the matter informally. If those efforts are unsuccessful, a motion can be filed asking the court to determine whether the material warrants protection. Where the parties part ways is over who bears the burden of filing a motion with the court. Defendant should have to file a motion with the court seeking the protection for material that is otherwise subject to the normal rules and parameters of discovery. Where the burden properly falls on the party seeking protections, designations of material as

2

protected will be more carefully done -- this will ensure that vast swaths of material are not designated as "protected," whether actually warranted or not

2. <u>The designating party bears the burden of proving that designated material warrants protection under the Privacy Act.</u>

Typically the designating party has an obligation to designate materials in good faith. Although they disagree over who has to actually file a motion, the parties have agreed that any challenged designation may be resolved through a motion filed with the court. However, plaintiff maintains that once a challenge to a designation is before the court, the designating party has the burden of proving that the challenged material warrants protection under the Privacy Act. But during the parties' attempts to confer regarding the proposed protective order, defendant's position was that the nature of the material should dictate whether (a) the designating party bears the burden of proving the material should be protected or (b) the objecting party bears the burden of proving the material should not be protected. This proposal does not make sense, and merely invites an additional layer of dispute – first over what the nature of the material is and then over who bears the burden. In a case where the material clearly warrants designation, then the defendant's burden of so proving will be light and easily met. In a case where the material does not clearly warrant designation, then the burden of so proving should rightly fall on the designating party. Only with this procedural structure can the parties ensure that designations will be done carefully and in good faith, and again, this procedural structure will ensure that the parties do not merely blanket vast swaths of material as "protected," whether actually warranted or not.

3. <u>Plaintiff's consent to inform witnesses that material is covered by the Court's Privacy Act Order will suffice, and witnesses should not be required to sign any forms.</u>

Defendant would like to require that plaintiff present each witness or potential witness

3

with a form that must be signed prior to that witness reviewing or discussing any material designated under the Privacy Act. This extra step is above and beyond what is required by the Privacy Act. Moreover, this procedure is not merely unnecessary but it would have a chilling effect on potential witnesses and hamper discovery in this case. Defendant's proposal adds a layer of complication to the situation, and it raises questions about what happens if a witness – even if for no nefarious purpose – declines to sign the form. It is also conceivable that defense witnesses who are not current employees of the SBA or witnesses hostile to plaintiff may refuse to sign the form. In such an event, depositions could not go forward, investigations would be hampered, and phone interviews would be impossible. Witnesses who are not parties to the litigation should not be required to sign documents in connection with the litigation. Such a requirement would be onerous and would obstruct the discovery process.

In order to address the concerns of all parties, it would suffice if witnesses were informed that the protected material is confidential and subject to a non-disclosure Order of the Court. See, e.g., Fifty Years Is Enough v. D.C., 2002 U.S. Dist. LEXIS 16415, *6 (D.D.C. 2002). Thus all witnesses will be aware that the material has received protection as ordered by the court, and this manner of proceeding will achieve a proper balance among the parties' interests.

## CONCLUSION

For the foregoing reasons, defendant's motion for a Privacy Act order should be denied in part and instead plaintiff's proposed order should be adopted by the court.

Respectfully submitted:

/s/
Richard A. Salzman    (# 422497)
Tammany M. Kramer  (# 483146)

4

                    HELLER, HURON, CHERTKOF,
                    LERNER, SIMON & SALZMAN, PLLC
                    1730 M Street, N.W., Suite 412
                    Washington, DC 20036
                    (202) 293-8090
                    Counsel for Plaintiff

Date:  June 23, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA SWIFT, | ) |
|       Plaintiff | ) |
| v. | ) Civil Action No. 07-1727 (ESH/JMF) |
| STEVEN C. PRESTON, Administrator, | ) |
|   U.S. Small Business Administration, | ) |
|       Defendant | ) |

**PRIVACY ACT PROTECTIVE ORDER**

Defendant Steven C. Preston, Administrator, U.S. Small Business Administration (SBA), moved for a protective order governing the disclosure and use of records and information subject to the Privacy Act of 1974, 5 U.S.C. § 552a. Upon consideration of defendant's motion and plaintiff's partial opposition thereto, it is hereby ORDERED that defendant's motion is DENIED in part and it is FURTHER ORDERED that:

1.  Subject to the requirements of this Order, defendant is authorized to release government records, documents and other information, including computerized or electronic information, including computerized or electronic information, that are relevant to the claims or defenses of any party to this action within the meaning of Federal Rule of Civil Procedure 26(b) and are protected from disclosure by the Privacy Act, 5 U.S.C. § 552a without obtaining the prior written consent of the individuals to whom such records or information pertain.

2.  These documents that defendant identifies as containing information subject to Paragraph 1 above are hereinafter referred to as "Covered Documents." All information derived

from Covered Documents, even if incorporated in another document or compilation or referred to in testimony, is hereinafter referred to as "Covered Information." Document summaries, statistical compilations, or other summaries of Covered Documents or Covered Information that do not contain information by which specific individuals can be identified (whether by name, Social Security number, symbol, description or other form of personal identification) are not covered by this Protective Order.

3. Covered Documents and Covered Information may be used only for the purposes of this action. All Covered Documents and copies thereof must be returned to defendant care of Office of Litigation, U.S. Small Business Administration, 409 Third Street, SW, Washington, DC 20416, or destroyed by plaintiff's counsel within 60 days after final judgment in this action. The term "final judgment" as used herein shall mean the entry of a judgment or dismissal that is final and not appealable. Any pleadings or other court filings created or filed by plaintiff or her counsel that contain Covered Information are retained by plaintiff, or by her counsel as part of their litigation files, remain subject to the terms of this Protective Order. Any other documents created by plaintiff or her counsel, or anyone working with them or on their behalf, that contain Covered Information must be destroyed by plaintiff's counsel or returned within 60 days after final judgment in this action. Plaintiff's counsel will certify to defendant's counsel in writing within 60 days after final judgment in this action that such documents have been returned or destroyed.

4. Covered Documents shall be marked by defendant prior to production as "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. For any Covered Documents, such as computer data, whose medium makes such stamping impracticable, the diskette case and any accompanying paper or e-mail cover

letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking.  Any portion of answers to interrogatories by defendant, if any, that contain protected information derived from records subject to the Privacy Act also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking.  Except as provided in Paragraph 6 below, no person who obtains access to Covered Documents or Covered Information shall disclose those records or that information without further order of the Court.  By designating material as protected hereunder, defendant represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are protected by the Privacy Act.

5.   Within 30 days of receipt, plaintiff may object, in writing, to the designation of any material as "protected."  In the event of any such objection, counsel for the parties shall confer within 10 days of the receipt of the objection.  If the parties are unable to resolve the dispute, defendant may file and serve a motion with the court that the disputed material be ordered "protected" within the terms of this Privacy Act order.  In the event that the dispute is presented to the court for resolution, the defendant bears the burden of proving that the disputed material warrants designation as "protected."

6.   Plaintiff's counsel may only disclose Covered Documents and Covered Information to (a) the Court and its personnel, including court reporters; (b) the attorneys of record for the parties and persons regularly in the employ of such attorneys who have a need for Covered Documents or Covered Information in the performance of their duties in connection with this action; (c) the plaintiff; (d) employees of defendant; (e) experts or other consultants retained by any party to the above-captioned matter and only if necessary for their expert opinion and/or

testimony in this action; (f) any potential witness or witness at deposition, but only to the extent necessary to provide a foundation for or elicit discoverable testimony or other evidence; and (g) outside contractors hired to copy, image, sort, or otherwise manage the storage or retrieval of case materials in this action. Any disclosure by plaintiff or her counsel and anyone working with them or on their behalf shall be made only for litigation purposes related to this action.

7. Any person listed in Paragraph 6 (except the Court and its personnel, including court reporters, defendant's employees, and the parties' counsel) to whom disclosure of Covered Documents or Covered Information is to be made must be specifically informed that the protected material is confidential and subject to a non-disclosure Order of the Court.

8. The plaintiff and her counsel shall not disclose Covered Documents or Covered Information to any persons except those enumerated in Paragraph 6 without obtaining the prior express written approval of counsel for defendant. If counsel for defendant does not consent to disclosure, then plaintiff may, on motion, seek modification of this Order by the Court.

9. All individuals to whom Covered Documents and Covered Information are disclosed by plaintiff or her counsel shall return any and all records and copies thereof in their custody, possession or control to plaintiff's counsel upon final judgment Interrogatory his action, or when they are no longer participating in, or assigned or retained to work on, this case, whichever comes earlier.

10. Those portions of any filings with the Court that include Covered Documents or Covered Information shall be filed under seal. Those portions of any depositions in which any such information is revealed shall be placed under seal.

11. The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's assertion that the materials are

covered by this Order.

12. Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

13. This Order does not constitute a ruling on the question of whether any particular record or information is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any record or information, other than objections that the information may not be disclosed under the Privacy Act.

14. Nothing in this Order shall be construed as limiting the right of either party to introduce Covered Documents or Covered Information into evidence at trial, subject to the Rules of Evidence.

_____    _____
Date                             John M. Facciola
                                 United States Magistrate Judge