UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA SWIFT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Civil Action No. 07-cv-1727 (ESH/JMF) |
| JOVITA CARRANZA, Acting ) | |
| Administrator, U.S. Small Business ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRIVACY ACT PROTECTIVE ORDER

Plaintiff's Partial Opposition to Defendant's Motion for a Privacy Act Protective Order (dkt. no. 23) proposes three modifications to Defendant's proposed Privacy Act Protective Order. The alternative terms Plaintiff proposes are not warranted, would generate unnecessary additional litigation, and would endanger the interests of individuals who are the subject of private information disclosed under the Protective Order.

The terms Defendant has proposed are entirely appropriate: It is wholly reasonable to require Plaintiff to file a simple motion with the Court if she seeks to contest Defendant's designation of information as protected under the order. There is no legal justification for an artificial reallocation of burdens of proof in the event of a dispute relating to the Protective Order. Finally, it is reasonable to require third parties to sign a written acknowledgment of the terms of the Court's Protective Order to ensure that those third parties are aware of their obligations under the order and to protect the interests of persons who are the subject of records to be disclosed under the Protective Order.

# ARGUMENT

I. **The Terms of Defendant's Proposed Protective Order Appropriately Require Plaintiff to Articulate for the Court Her Basis for Objecting to Defendant's Designations of Information as Protected.**

Plaintiff proposes that if a dispute were to arise regarding Defendant's designation of information as protected, the information should be presumptively treated as <u>unprotected</u> unless Defendant files a motion in support of her designation of information. <u>See</u> Pl.'s Partial Opp'n at 2–3. As Defendant explained in her memorandum, this would defeat the very purpose of Defendant's motion for a Privacy Act Protective Order, which is to obviate the need for the parties and the Court to deal with a separate motion to compel or motion for protective order every time any Privacy Act–protected information is to be disclosed in the litigation.

Plaintiff complains that unless Defendant is required to justify a disputed designation of protected information by filing a motion, Defendant might improperly designate "vast swaths of material" as protected. <u>See</u> Pl.'s Partial Opp'n at 3. Plaintiff's argument is based on idle speculation that is unsupported by the record. First of all, Plaintiff presents no reason to suspect that Defendant will designate material as protected for an improper or abusive purpose, and the terms of Defendant's proposed order include safeguards against such abuse. <u>See</u> [Proposed] Privacy Act Protective Order ¶¶ 4–5 (providing that Defendant may only designate information as protected pursuant to a good faith belief that the material is protected by the Privacy Act and permitting plaintiff to file motions with the Court contesting any designation of material as protected). Second, the mere theoretical possibility of abuse does not weigh in favor of requiring Defendant to file motions in support of disputed designations. It is just as conceivable that under Plaintiff's proposed scheme, Plaintiff would improperly raise unfounded objections regarding the designation of protected material.

The Court should not structure its orders based on an assumption that the government defendant is likely to engage in misconduct and the plaintiff is likely to act honestly and fairly, or the other way around. Instead, the Court should structure its orders in a way that promotes efficiency while fairly balancing the interests of both parties and other affected persons. Defendant's proposed order would do just that. Under Defendant's proposed order, if Plaintiff has any reason to doubt the validity of Defendant's designation of material as protected, Plaintiff would not be prevented from obtaining that material; she would only be bound by the restrictions the Protective Order imposed on her use of that material. And those restrictions would be lifted if the Court were to grant Plaintiff's motion contesting the Defendant's designation.

## II. It is Inappropriate for the Privacy Act Protective Order to Assign the Burden of Proof to Defendant in a Hypothetical Dispute that Has Not Yet Arisen.

Plaintiff also proposes that in the event of a dispute regarding the designation of protected information, the Privacy Act Protective Order should explicitly place the burden of proof on Defendant to show that her designation is proper. See Pl.'s Partial Opp'n at 3.

Plaintiff states that during the parties' negotiations, Defendant contended that the issue of which party should bear the burden of proof would depend on "the nature of the material" designated as protected. Plaintiff mischaracterizes Defendant's position. Defendant simply pointed out that the proper allocation of the burden of proof might depend on the nature of the dispute, that is, the particular posture and context in which the parties' dispute arose. It is unnecessary for a Privacy Act Protective Order to assign the burden of proof in a vacuum, without any reference to specific facts or context. If a dispute were to arise in a situation in which one party or the other should bear the burden of proof, the Court could readily determine

at that time which party bore the burden of proof, and could resolve the dispute accordingly.[1]

Thus, the Protective Order should not alter the burden of proof.

### III.   The Proposed Order Appropriately Requires Third Parties Receiving Protected Information to Sign an Acknowledgment of the Court's Order.

Plaintiff also objects to the requirement that third parties to whom information is disclosed should be required to sign a simple acknowledgment of the Court's Protective Order. See Pl.'s Partial Opp'n at 3–4.  Plaintiff proposes instead that such third parties merely be informed that the protected material is subject to a Protective Order, without requiring any acknowledgment or commitment by the third party.

A requirement that third parties merely be informed that protected material is "confidential" and subject to a court order of some kind would not be adequate to ensure that third parties are given proper notice of, and have an opportunity to consider, their legal obligations under the order and the possible consequences of noncompliance.  Such notice is necessary to protect the privacy interests of persons who are the subject of Privacy Act–protected information disclosed to Plaintiff in this litigation.  Indeed, if given nothing more than the vague notice that Plaintiff proposes, third parties might not even be aware that they themselves have any obligations at all under the order — they might simply assume the order only imposes restrictions on Plaintiff and Plaintiff's counsel.  Plainly, a written acknowledgment would foreclose any claims by third parties that they had not been informed of all of the terms of the Protective Order.

Plaintiff argues that the language she proposes is similar to the language this Court used

---

[1] Plaintiff appears to recognize that situations could arise in which the burden of proof might fall on Plaintiff — if it were true that Defendant would clearly bear the burden of proof in any imaginable dispute that could arise under the Order, then language assigning the burden of proof to Defendant in the event of a dispute would simply be unnecessary.

- 4 -

in a Privacy Act protective order entered in <u>Fifty Years Is Enough v. Dist. of Columbia</u>, 2002 U.S. Dist. LEXIS 16415 (D.D.C. 2002). But the protective order entered in that case is simply not comparable to Defendant's proposed Protective Order. The protective order in the <u>Fifty Years is Enough</u> case required the plaintiffs to obtain express prior approval from defendants' counsel before they disclosed any protected information to any person other than "parties, counsel for parties, consultants to the parties, paralegals, and expert witnesses in their employ." <u>Id.</u> at *5. That very stringent restriction afforded some additional assurance that protected material would not be inadvertently or improperly disclosed to third parties. In this case, in which Defendant has not requested such a stringent restriction, it is necessary and appropriate for the Court to impose other measures to protect against improper disclosure of protected material. Indeed, this Court has entered orders requiring signed acknowledgments in past cases. <u>See, e.g.</u>, <u>Rattigan v. Gonzales</u>, No. 04-cv-2009 (May 26, 2005) (minute order granting defendant's motion for a protective order incorporating a written acknowledgment).

Plaintiff further relies on mere speculation in arguing that it is "conceivable" that the requirement of a written acknowledgment might have a "chilling effect" on potential witnesses or otherwise impede discovery. Pl.'s Partial Opp'n at 4. No fact is adduced, no authority cited, and no reason based on common experience is given to dispense with the requirement that third parties sign an acknowledgment setting forth their obligations under the order. Indeed, to the extent that such a requirement would lead a third party, first, to review the terms of the Protective Order and, then, to commit to conduct in compliance with its terms, that is precisely the purpose behind requiring a signed acknowledgment.

## **CONCLUSION**

For the reasons above, Defendant respectfully requests that the Court enter Defendant's

proposed Privacy Act Protective Order.

| | |
|---|---|
| Dated: July 3, 2008 | Respectfully submitted, |
| | GREGORY G. KATSAS |
| Of Counsel: | Assistant Attorney General |
| GARY FOX | JEFFREY A. TAYLOR |
| Assistant General Counsel for Litigation | United States Attorney |
| DAVID A. FISHMAN | STUART A. LICHT |
| Assistant General Counsel for Litigation | Assistant Branch Director |
| Office of General Counsel | Federal Programs Branch |
| U.S. Small Business Administration | |
| | /s/ JAMES C. LUH |
| | JAMES C. LUH (N.Y. Bar—no number) |
| | Trial Attorney |
| | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| | 20 Massachusetts Ave NW |
| | Washington DC 20530 |
| | Tel: (202) 514-4938 |
| | Fax: (202) 616-8460 |
| | E-mail: James.Luh@usdoj.gov |
| | Attorneys for Defendant |